UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. BLACHLEY,<br><br>    Plaintiff,<br>v.<br><br>BLINDS TO GO (U.S.) INC.;<br>BLINDS TO GO INC.,<br><br>    Defendants. | Case No.:  CV 24-1632-CBM-EX<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(2), 12(B)(3), AND 12(B)(6) [33]** |

The matter before the Court is Defendants Blinds to Go (U.S.) Inc. ("BTG US") and Blinds to Go Inc. ("BTG Canada") (collectively, "Defendants'") Motion to Dismiss Second Amended Complaint Under Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6).  (Dkt. No. 33 (the "Motion").)[1]

**I.    BACKGROUND**

The operative complaint asserts thirteen causes of action:  (1) review of a January 2, 2024 decision by the United States Trademark Trial and Appeal Board ("TTAB") dismissing Plaintiff's petition to cancel Defendants' registered MORVIEW trademark; (2) declaratory judgment canceling trademark registration

---

[1] After the matter was fully briefed, Plaintiff filed a surreply with additional evidence and Defendants filed a response thereto, with leave of Court.  (Dkt. Nos. 51, 54, 55.)

1

No. 6142468 for Defendants' MORVIEW trademark under 28 U.S.C. § 2201; (3) patent infringement; (4) common law trademark infringement; (5) unfair competition regarding a trademark under 15 U.S.C. § 1125; (6) unfair competition regarding trademark under Cal. Bus. & Prof. Code § 17200; (7) common law trade dress infringement; (8) breach of contract; (9) breach of implied covenant of good faith and fair dealing; (10) trademark counterfeiting under 15 U.S.C. § 1114; (11) unfair competition regarding trade dress under 15 U.S.C. § 1125; (12) unfair competition regarding trade dress under Cal. Bus. & Prof. Code § 17200; (13) fraud and misrepresentation; and (14) civil conspiracy.  (Dkt. No. 27 (the Second Amended Complaint ("SAC")).)  Defendants move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## II.     STATEMENT OF THE LAW

### A.     Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a complaint for lack of personal jurisdiction.  "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)); *see also Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d. at 800.  To show personal jurisdiction, "[t]he plaintiff need only make a prima facie showing of jurisdictional facts." *Id*.  "[F]or the purpose of this demonstration, the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint will

2

be taken as true. *Schwarzenegger*, 374 F.3d. at 800.

**B.    Federal Rule of Civil Procedure 12(b)(3)**

A defendant may move to dismiss a complaint based on improper venue. Fed. R. Civ. P. 12(b)(3). On a Rule 12(b)(3) motion to dismiss, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "[W]hether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). 28 U.S.C. § 1391 provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." *Kahnert v. Kotick*, 2022 U.S. Dist. LEXIS 108414, at *13 (C.D. Cal. Mar. 4, 2022) (quoting *Kelly v. Echols*, 2005 WL 2105309, at *11 (E.D. Cal. Aug. 30, 2005)); *see also Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014).

**C.    Federal Rule of Civil Procedure 12(b)(6)**

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6).

3

Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice, and labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

### III. DISCUSSION

**A. Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2)**

Defendants move to dismiss the SAC on the ground they are not subject to personal jurisdiction in California.

"The Due Process Clause [of the Fourteenth Amendment] protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "Where, as

here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process. *See* Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); *Dole Food Co.*, 303 F.3d at 1110. "Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citation omitted). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation marks omitted)); *see also Walden v. Fiore*, 571 U.S. 227, 284 (2014). Under the minimum contacts test, jurisdiction can be either general or specific. *Schwarzenegger*, 374 F.3d at 801-02.

**(1) General Jurisdiction**

"General jurisdiction arises where a defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997); *Marvix Photo, Inc. v. Brand Techs., Inc.*, 674 F.3d 1218, 1223-24 (9th Cir. 2011). General jurisdiction permits a court to hear "any and all claims" against a defendant, whether or not the conduct at issue has any connection to the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "A court may exercise general jurisdiction only when a defendant is essentially at home in the State." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) (citing *Ford Motor Co. v. Montana*

5

*Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)) (internal quotation marks omitted). "For a corporate defendant, general jurisdiction is paradigmatically appropriate in the state in which the entity is incorporated or where it maintains its principal place of business." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Here, Defendants are not incorporated in California, do not maintain their principal place of business in California, and are not registered to do business in California. (Shiller Decl. ¶¶ 26-28.) Despite Defendants' alleged advertising to California residents, Plaintiff does not show Defendants' alleged advertising is unique to California, and the record before the Court demonstrates Defendants have not sold shutters to California residents and that Defendants' sales of non-shutter products in California is not substantial in comparison to its total sales. *See Daimler*, 571 U.S. at 132, 139 n.20; *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 2024 WL 269156, at *3-4 (N.D. Cal. Jan. 24, 2024); *Bridge v. Nature's Sunshine Prod.*, 2021 WL 4572006, at *4 (C.D. Cal. Aug. 4, 2021); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022 (9th Cir. 2017); *Bridge*, 2021 WL 4572006, at *4. Moreover, two visits by Defendants' employees and an executive identified by Plaintiff which occurred around 2015 do not demonstrate Defendants' contacts with California are substantial or continuous and systematic to exercise general jurisdiction over them. *See Young v. Actions Semiconductor Co.*, 386 F. App'x 623, 626 (9th Cir. 2010); *Urica, Inc. v. Pharmaplast, S.A.E.*, 2013 WL 12123305, at *5 (C.D. Cal. Jan. 10, 2013); *Span Const. & Eng'g, Inc. v. Stephens*, 2006 WL 1883391, at *6 (E.D. Cal. July 7, 2006); *Crown Card Servs., Inc. v. Krueger*, 1993 WL 87688, *5 (N.D. Cal. Mar. 22, 1993). Therefore, Plaintiff does not demonstrate this is an "exceptional case" where Defendants' "operations in another forum" outside of their place of incorporation and principal place of business is "so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017); *see also Schwarzenegger*, 374 F.3d. at 800; *Impossible Foods Inc.*, 80 F.4th at 1086;

*Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1777-78 (2017); *AM Trust v. UBS AG*, 681 Fed. App'x 587, 588 (9th Cir. 2017); *Hatheway v. Bank of N.Y. Mellon*, 2019 WL 2415287, at *2 (D. Ariz. June 4, 2019).[2]

### (2) Specific Jurisdiction

Specific jurisdiction exist where "the defendant's suit-related conduct…create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284; *see also Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). The Ninth Circuit uses the following three-part test to determine whether specific jurisdiction applies in a particular case: "(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Impossible Foods Inc.*, 80 F.4th at 1086 (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)). Plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* (citation omitted). "If the Plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 801.

As to Plaintiff's first cause of action which seeks review of the TTAB's decision dismissing Plaintiff's petition to cancel Defendant BTG US's

---

[2] Plaintiff's argument in his surreply regarding a non-party's lawsuit against Plaintiff in Florida who Plaintiff contends conspired with Defendants does not show Defendants are subject to jurisdiction in California. *See Tiangang Sun v. China Petroleum & Chem. Corp.*, 2014 U.S. Dist. LEXIS 107167, at *37 (C.D. Cal. Apr. 15, 2014) (citing *In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100 (Cal. Ct. App. 2005); *Iconlab Inc. v. Valeant Pharms. Int'l, Inc.*, 2017 WL 7240856, at *6 (C.D. Cal. Apr. 25, 2017), *aff'd sub nom. Iconlab, Inc. v. Bausch Health Cos., Inc.*, 828 F. App'x 363 (9th Cir. 2020).

MORVIEW trademark registration, the TTAB proceedings occurred in Virginia and the TTAB decision dismissing Plaintiff's cancellation petition makes no reference to California or Defendants' contacts with California. Therefore, the TTAB decision does not arise out of Defendant's activities in California to establish specific jurisdiction over Defendants here. *See Peloton Cold Brew, LLC. v. Peloton Interactive, Inc.*, 2022 WL 3042651, at *2 (E.D. Pa. Aug. 2, 2022); *Rieke Corp. v. Am. Flange & Mfg. Co.*, 2007 WL 1724897, at *4-5 (N.D. Ind. June 12, 2007); *Cardwell v. Investor's Analysis, Inc.*, 620 F. Supp. 1395, 1397 (D.D.C. 1985). With respect to Plaintiff's trademark-related, trade dress and patent infringement claims, nothing in the record before the Court demonstrates the allegedly infringing products are or have been sold by Defendants in California. (*See* Shiller Decl. ¶¶ 29, 32.) Therefore, Plaintiff's trademark-related, trade dress, and patent infringement claims do not arise out of Defendants' activities in California to establish specific jurisdiction over Defendants in this forum. *See Garmon Corp. v. NaturPet, Inc.*, 2021 WL 10132496, at *5 (C.D. Cal. Dec. 27, 2021); *NuboNau, Inc. v. NB Labs, Ltd.*, 2012 WL 843503, at *4-6 (S.D. Cal. Mar. 9, 2012); *Diablo Racing, Inc. v. Star Wheel Grp., Inc.*, 2010 WL 11519182, at *5 (C.D. Cal. Aug. 4, 2010); *Mercan v. Proquest*, 2024 U.S. Dist. LEXIS 63248, at *10-11 (C.D. Cal. Apr. 3, 2024).[3] Accordingly, the Court lacks jurisdiction over Defendants as to Plaintiff's claims for review of the TTAB decision, trademark cancellation, common law trademark infringement, unfair competition based on trademark infringement under federal and California law, trademark counterfeiting, trade dress infringement, and patent infringement.[4]

**B.     *Forum Non-Conveniens***

Defendants also move to dismiss Plaintiff's breach of contract and breach of

---

[3] *Cf. Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021).

[4] Defendants do not move to dismiss Plaintiff's contract, fraud, or conspiracy claims for lack of jurisdiction.

8

implied covenant of good faith and fair dealing claims based on the forum-selection clause in the parties' licensing agreement, which provides "[t]he parties hereby submit to the exclusive jurisdiction of the courts in the Province of Quebec and any federal court therein." (Shiller Decl. ¶ 8, Ex. A § 7(k).)

"The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. A forum-selection clause is "controlling unless the plaintiff made a strong showing that: (1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (citations omitted). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63. Here Plaintiff does not contend the parties' forum-selection clause is the product of fraud or overreaching or otherwise, nor argue the enforcement of the forum-selection clause would contravene a strong public policy, nor contend the forum-selection clause is otherwise invalid. As to the final factor regarding whether the contractual forum will deprive Plaintiff of his day in court, Plaintiff contends he is experiencing financial hardship and health issues so that litigating his claims outside California would be "practically and financially unfeasible." (Plaintiff's Decl. ¶¶ 9-10.) However, "[w]here the parties have agreed to a forum-selection clause, they 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation,'" and "[a] court must dismiss a suit filed 'in a forum other than the one specified in a valid forum-selection clause,' even if it 'makes it possible for [plaintiffs] to lose out completely.'" *Sun*, 901 F.3d at 1091-93 (citation omitted); *see also Atl.*

9

*Marine*, 571 U.S. at 63-64, 66, n.8). Moreover, Plaintiff has participated in the parties' pending litigation in Quebec regarding the same licensing agreement. Plaintiff fails to satisfy his burden of making a "strong showing" that he would be precluded from his day in court if the parties' forum-selection clause is enforced here. *See Sun*, 901 F.3d at 1088; *California Writer's Club v. Sonders*, 2011 WL 4595020, at *12-*13 (N.D. Cal. Oct. 3, 2011). Therefore, Plaintiff fails to demonstrate this is an "exceptional" case where the forum-selection clause should not be enforced. *Atl. Marine*, 571 U.S. at 63-64. Accordingly, the Court enforces the parties' forum-selection clause and dismisses Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims based on *forum non conveniens* without prejudice to refiling in the proper forum. *Id.* at 66 n.8.

**C.     Venue – Fed. R. Civ. P. 12(b)(3)**

Defendants also move to dismiss Plaintiffs' trademark, trade dress, review of the TTAB's January 2, 2024 decision, and patent infringement claims against Defendant BTG US based on improper venue. Here, Defendants are not incorporated in California, do not have a principal place of business in California, are not registered to do business in California, and do not have offices or employees, agents, or sales representatives in California. (Shiller Decl. ¶¶ 26-28.) Therefore, venue in this district pursuant to 28 U.S.C. § 1391(1) is improper. Moreover, the Court lacks personal jurisdiction over Defendants in this district as to Plaintiffs' trademark, trade dress, review of the TTAB's January 2, 2024 decision, and patent infringement claims. Thus, venue in this district pursuant to 28 U.S.C. § 1391(b)(3) is improper.

With respect to venue pursuant to 28 U.S.C. § 1391(2), the Court must examine whether "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district. Here, the allegedly infringing products which are the subject of Plaintiff's claims trademark-related and trade dress claims are not and

have not been sold in California. (Shiller Decl. ¶ 29.) Accordingly, the Central District of California is not a "judicial district in which a substantial part of the events or omissions giving rise to" Plaintiff's trademark-related and trade dress claims occurred. 28 U.S.C. § 1391(b)(2). Moreover, venue is not proper in this district for Plaintiff's claim for review of the TTAB decision pursuant to 28 U.S.C. § 1391(b)(2) because the TTAB proceedings occurred in Virginia and the TTAB decision dismissing Plaintiff's cancellation petition makes no reference to California or Defendants' conduct and activities in California. *See, e.g., Peloton Cold Brew, LLC. v. Peloton Interactive, Inc.*, 2022 WL 3042651, at *2 (E.D. Pa. Aug. 2, 2022). With respect to Plaintiff's patent infringement claim, 28 U.S.C. § 1400 provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular established place of business." A "domestic corporation "'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland, LLC v. Kraft Foods Grp. Brands, LLC*, 581 U.S. 258, 262 (2017). Here, Defendant BTG US is not incorporated in California. Moreover, Plaintiff's patent infringement claim is based on Defendants' sale of shutter products, but such shutters have not and are not sold by Defendants in California. (Shiller Decl. ¶ 29.) Therefore, venue in this district is not proper for Plaintiff's patent claim against Defendant BTG US pursuant to 28 U.S.C. § 1391(b)(2). Accordingly, the Court dismisses Plaintiffs' trademark, trade dress, review of the TTAB's decision, and patent infringement claims against Defendant BTG USA for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

**D.     Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)[5]**

---

[5] The Court does not rule on whether Plaintiff states a claim for review of the TTAB decision and trade dress infringement pursuant to Fed. R. Civ. P. 12(b)(6) because the Court lacks personal jurisdiction over Defendants as to those claims and because venue in this district is not proper as to Plaintiff's claim for review of TTAB decision and trade dress infringement against Defendant BTG US.

11

Defendants, relying on a declaration from their President, move to dismiss Plaintiff's fraud and conspiracy claims as time-barred under the applicable statute of limitations.[6] However, the Court cannot consider evidence in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and "a statute of limitations bar must appear on the face of the pleadings." *Mediran v. Int'l Ass'n of Machinists & Aerospace Workers*, 425 F. App'x 550, 551 (9th Cir. 2011) (citations omitted); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Therefore, the Court cannot dismiss Plaintiff's fraud and conspiracy claims as time-barred at the pleading stage.[7]

Defendants also move to dismiss conspiracy claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground "[t]he conspiracy claim is bare-bones pled in a conclusory manner." Under federal and California law, "a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Under federal law, the basic elements of a civil conspiracy include "the existence of an agreement." *Id*. at 990. To state a cause of action for conspiracy under California law, "the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Id.* at 992 (citations omitted). Here, the SAC in a conclusory fashion that "Defendants agreed to participate together in a common scheme to commit unlawful acts" and "Defendants agreed to and did conspire to willfully and malicious injury Plaintiff . . . through the fraud committed." (SAC ¶¶ 195, 197.) Plaintiff's conclusory allegations of an

---

[6] Plaintiff's fraud claim is subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). "[T]here is no separate and distinct tort cause of action for civil conspiracy," and therefore "a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." *Liberty City Movie, LLC v. U.S. Bank, N.A.*, 824 F. App'x 505, 508 (9th Cir. 2020) (citations omitted). Therefore, if Plaintiff's underlying fraud claim is barred under the statute of limitations, Plaintiff's civil conspiracy claim also fails. *See id*.

[7] Defendants do not move to dismiss Plaintiff's fraud claim on any other basis.

agreement to conspire, without facts regarding who allegedly agreed, when, or where the agreement took place, the role of each Defendant in the conspiracy, the scope of the conspiracy, and how the conspiracy operated, is insufficient to state a claim for conspiracy. *See Twombly*, 550 U.S. at 565; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 937 (9th Cir. 2012). Accordingly, the SAC fails to state a claim for civil conspiracy.

### E. Transfer to the District of New Jersey

Defendants argue any remaining claims against them should be transferred to the district of New Jersey pursuant to 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In determining whether to transfer in the interest of justice under § 1406(a), courts consider the parties' residence, the parties' contacts with the forum, the location of the witnesses, and the location of relevant evidence. *See Werner v. Dowlatsingh*, 818 F. App'x 671, 674 (9th Cir. 2020). However, Defendants do not address any of these factors and do not cite any authority for transferring certain claims against one defendant pursuant to 28 U.S.C. § 1406 where venue is improper as to some (but not all) claims asserted against another defendant. Therefore, Defendants do not demonstrate the interests of justice support transfer of Plaintiff's claims to the district of New Jersey.

### IV. CONCLUSION

Accordingly, the Court rules on Defendants' Motion to Dismiss as follows:

(1) Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is **GRANTED** as to Plaintiff's claims against Defendants for trademark cancellation, common law trademark infringement, unfair competition based on trademark infringement under federal and California law, trademark counterfeiting, trade dress infringement, patent infringement, and review of the TTAB decision (first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action) for lack of personal jurisdiction;

(2) Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) is **GRANTED** as to Plaintiff's claims against Defendant BTG US for trademark cancellation, common law trademark infringement, unfair competition based on trademark infringement under federal and California law, trademark counterfeiting, trade dress infringement, patent infringement, and review of the TTAB decision (first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action) based on improper venue;

(3) Defendants' Motion to Dismiss Plaintiff's fraud and conspiracy claims (thirteenth and fourteenth causes of action) as time-barred pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**;

(4) Defendants' Motion to Dismiss Plaintiff's conspiracy claim (fourteenth causes of action) for failure to plead sufficient facts to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED with leave to amend**; and

(5) Defendants' Motion to transfer to the district of New Jersey pursuant to 28 U.S.C. § 1406(a) is **DENIED**.

Therefore, the sole remaining claim in this action is Plaintiff's fraud claim (thirteenth cause of action). To the extent Plaintiff seeks to file an amended complaint to address the deficiencies identified in this Order as to his conspiracy claim, Plaintiff shall file the amended complaint **no later than October 30, 2024**. A failure to file an amended complaint as to the conspiracy claim by that date will result in dismissal of the conspiracy claim with prejudice. Any amended complaint shall not assert any new claims without leave of Court, nor assert any claims the Court has dismissed in this Order for lack of jurisdiction or improper venue.

**IT IS SO ORDERED.**

DATED: October 10, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE