TUCKER ELLIS LLP
Helena M. Guye - SBN 350417
helena.guye@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

HARRIS BEACH MURTHA CULLINA PLLC
Neal L. Slifkin (*pro hac vice*)
NSlifkin@harrisbeachmurtha.com
Laura W. Smalley (*pro hac vice*)
LSmalley@harrisbeachmurtha.com
99 Garnsey Road
Pittsford, NY 14534
Telephone:   (585) 419-8800
Facsimile:   (585) 419-8813

Attorneys for Defendants
BLINDS TO GO (U.S.) INC. and
BLINDS TO GO INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DAVID W. BLACHLEY<br><br>Plaintiff,<br><br>vs.<br><br>BLINDS TO GO (U.S.) INC. and<br>BLINDS TO GO INC.,<br><br>Defendants. | CASE NO. 2:24-cv-01632-CBM-Ex<br><br>[Assigned for all purposes to Judge<br>Consuelo B. Marshall]<br><br>**DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>LEAVE TO FILE THIRD<br>AMENDED COMPLAINT**<br><br>Date:    February 18, 2025<br>Time:    10:00 a.m.<br>Ctrm:    8D<br><br>Complaint Filed:    February 27, 2024<br>Trial Date:    Not Set |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.      INTRODUCTION. ...................................................................1

II.     STATEMENT OF FACTS. ..........................................................2

     A.      The Parties ............................................................ 2

     B.      The Parties' Contract ............................................... 2

     C.      Plaintiff's Current Allegations ................................... 3

     D.      The Proceedings in Canada ...................................... 4

III.    PLAINTIFF'S PROPOSED AMENDMENT REASSERTS CLAIMS EXPRESSLY PROHIBITED BY THE COURT'S ORDER. .........................5

IV.     THE MOTION TO AMEND SHOULD BE DENIED AS TO THE REMAINING CLAIMS BECAUSE THEY ARE FUTILE AND MADE IN BAD FAITH. ...........................................................6

V.      THE PROPOSED AMENDED CLAIMS ARE FUTILE BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS AND/OR FAIL TO STATE A CLAIM .........................................7

     A.      The Fraud Claims Are Time-Barred And Otherwise Futile. ............... 10

     B.      The Proposed Civil Conspiracy Claim is Time-Barred ..................... 11

     C.      The Proposed Claims for Violation of California's False Advertising Law and California Legal Remedies Law Are Time-Barred and Otherwise Fail to State a Claim ........................................ 12

     D.      The Proposed Trade Secret Act Claims Are Time-Barred and Otherwise Fail to State a Claim ........................................... 15

     E.      Plaintiff's Other Tort Claims Are Time-Barred ................................ 16

VI.     THE COURT LACKS PERSONAL JURISDICTION OVER MR. SHILLER AND MR. UDOFIA ..........................................................18

VII.    THE PROPOSED AMENDMENTS ARE IN BAD FAITH. ........................20

VIII.   CONCLUSION .........................................................................21

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ahlmeyer v. Nevada Sys. of Higher Educ.*,
555 F.3d 1051 (9th Cir. 2009)...........................................................................7

*American Dredging Co. v. Miller*,
510 U.S. 443 (1994).........................................................................................6

*AmerUS Life Ins. Co. v. Bank of Am., N.A.*,
143 Cal. App. 4th 631 (2006)...................................................................17, 18

*Archie v. Pop Warner Little Scholars, Inc.*,
No. 16CV6603PSGPLAX, 2017 WL 11628813 (C.D. Cal. Oct. 20,
2017) .................................................................................................................8

*Aryeh v. Canon Bus. Sols., Inc.*,
55 Cal. 4th 1185 (2013) .................................................................................13

*Bancroft & Masters, Inc. v. Augusta National Inc.*,
223 F.3d 1082 (9th Cir. 2000), *modified on other grounds by Yahoo!
Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d
1199 (9th Cir. 2006) .................................................................................19, 20

*Bristow v. Lycoming Engines*,
No. CIV S-06-1947 LKK/GGH, 2007 WL 1752602, at *5 (E.D. Cal.
June 15, 2007)................................................................................................15

*Brown v. Madison Reed, Inc.*,
622 F. Supp. 3d 786 (N.D. Cal. 2022), *aff'd*, No. 22-16415, 2023
WL 8613496 (9th Cir. Dec. 13, 2023)...........................................................13

*Cammarata v. Kelly Cap., LLC*,
339 F. Supp. 3d 1033 (S.D. Cal. 2018), *aff'd,* 806 F. App'x 531 (9th
Cir. 2020)....................................................................................................9, 11

*Cheske v. Waring*,
No. CV 10-06363 ODW, 2010 WL 4916611 (C.D. Cal. Nov. 24,
2010) ...............................................................................................................17

*City of Hope Nat'l Medical Center v. Genentech, Inc.*,
43 Cal. 4th 375 (2008)...................................................................................11

4927-7985-4098.2

ii

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977)................................................................19

*DC Comics v. Pac. Pictures Corp.*,
   938 F. Supp. 2d 941 (C.D. Cal. 2013)..................................................17

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987)................................................................20

*Deutsch v. Turner Corp.*,
   324 F.3d 692 (9th Cir. 2003).................................................................7

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001), *abrogated on other grounds by*
   *Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017))......................19

*E-Fab, Inc. v. Accountants, Inc. Servs.*,
   153 Cal. App. 4th 1308 (2007)...............................................................7

*Eisenberg v. Citibank, N.A.*,
   No. 2:13-cv-01814-CAS, 2016 WL 6495347 (C.D. Cal. Oct. 31,
   2016) ....................................................................................7, 8

*Eminence Cap., L.L.C. v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003).................................................................6

*European Travel Agency Corp. v. Allstate Ins. Co.*,
   600 F.Supp. 3d 1099 (C.D. Cal. 2022).......................................................7

*Genasys Inc. v. Vector Acoustics, LLC*,
   638 F. Supp. 3d 1135 (S.D. Cal. 2022) .....................................................16

*Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*,
   No. 2:21-cv-04758 JVSJ (Dex), 2022 WL 3012824, at *5 (C.D. Cal.
   June 10, 2022)....................................................................................7

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
   978 F.3d 653 (9th Cir. 2020).................................................................16

*Jolly v. Eli Lilly & Co.*,
   44 Cal. 3d 1103 (1988) .....................................................................15

*Kline v. Turner*,
   87 Cal. App. 4th 1369 (2001).................................................................9

*Kobayashi v. McMullin,*
    No. 2:19-cv-06591-SSS (MAA), 2023 WL 11822286 (C.D. Cal.
    July 7, 2023) *report and recommendation adopted*, No. 2:19-cv-
    06591-SSS-MAA, 2023 WL 11822282 (C.D. Cal. Sept. 1, 2023)....................20

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
    583 F.3d 656 (9th Cir. 2009).............................................................................6

*Luxpro Corp. v. Apple Inc.*,
    No. C 10-03058 JSW, 2011 WL 1086027 (N.D. Cal. Mar. 24, 2011)..............10

*Mannetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (1988).........................................................................................21

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006).............................................................................3

*Mireskandari v. Daily Mail & Gen. Tr. PLC,*
    No. CV 12-02943 MMM, 2013 WL 12114762 (C.D. Cal. Oct. 8,
    2013) ...............................................................................................................17

*Murphy v. Am. Gen. Life Ins. Co.*,
    74 F. Supp. 3d 1267 (C.D. Cal. 2015)..............................................................18

*Navigation Holdings, LLC v. Molavi*,
    445 F. Supp. 3d 69 (N.D. Cal. 2020)................................................................16

*Ochoa v. J.B. Martin & Sons Farms, Inc.*,
    287 F.3d 1182 (9th Cir. 2002)..........................................................................18

*Plumlee v. Pfizer, Inc.*,
    No. 13-CV-00414-LHK, 2014 WL 695024 (N.D. Cal. Feb. 21,
    2014) ...............................................................................................................13

*Portney v. CIBA Vision Corp.*,
    No. SACV 07-0854 AG (MLGx), 2008 WL 5505517, at *3–4 (C.D.
    Cal. July 17, 2008)...........................................................................................11

*Ramirez v. Navarro,*
    No. 5:20-cv-02408-SP, 2023 WL 1806847 (C.D. Cal. Jan. 5, 2023),
    *aff'd*, No. 23-55112, 2024 WL 1874993 (9th Cir. Apr. 30, 2024) ...................17

*Redbox Automated Retail, LLC v. Buena Vista Home Ent., Inc.*,
    399 F. Supp. 3d 1018 (C.D. Cal. 2019)............................................................14

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013)...........................................................................7

*Suber v. VVP Servs., LLC*,
   No. 2:23-cv-02932-SPG, 2023 WL 8143876 (C.D. Cal. Oct. 25,
   2023) ...........................................................................................................11

*Terracom v. Valley Nat. Bank*,
   49 F.3d 555 (9th Cir. 1995)...........................................................................19

*Ting v. AT&T*,
   319 F.3d 1126 (9th Cir. 2003)........................................................................15

*Total Vision, LLC v. Vision Serv. Plan*,
   717 F. Supp. 3d 922 (C.D. Cal. 2024)............................................................17

*Trembath v. Digardi*,
   43 Cal.App.3d 834 (1974)..............................................................................17

*Vigil v. Miller*,
   17 F. App'x 657 (9th Cir. 2001).......................................................................7

*Williams v. Apple, Inc.*,
   449 F. Supp. 3d 892 (N.D. Cal. 2020)............................................................14

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
   309 F.R.D. 645 (W.D. Wash. 2015)................................................................21

*Woodall v. Walt Disney Co.*,
   No. CV 20-3772-CBM(Ex), 2024 WL 5329913 (C.D. Cal. Nov. 1,
   2024) ............................................................................................................15

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).......................................................................................19

*Youngevity Int'l, Corp. v. Smith*,
   224 F. Supp. 3d 1022 (S.D. Cal. 2016), *modified on
   reconsideration,* No. 13:16-CV-00704-L-LJB, 2016 WL 7626585
   (S.D. Cal. Dec. 9, 2016)................................................................................14

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010).........................................................13

**Statutes**

18 U.S.C. § 1836(d) .................................................................................15

Cal. Bus. & Prof. Code §§ 17204, 17535 ................................................14

Cal. Civ. Code § 1770(a) ..........................................................................15

Cal. Civ. Code § 1783 ...............................................................................13

Cal. Civ. Code § 3426.6 ............................................................................15

Cal. Civ. Proc. Code § 338........................................................................11

Cal. Civ. Proc. Code § 338(a) ...................................................................13

Cal. Civ. Proc. Code § 338(c)(1)...............................................................17

Cal. Civ. Proc. Code § 339(1) ...................................................................17

Cal. Civ. Proc. Code § 410.10 ...................................................................19

Cal. Code Civ. Proc. § 338(d) ...................................................................10

California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et
      seq*. .....................................................................................................12

California Uniform Trade Secrets Act........................................................15

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 e*t seq*..........13

Defend Trade Secrets Act ..........................................................................15

**Other Authorities**

Federal Rule of Civil Procedure 15(a)(2) ...................................................6

Rule 12(b)(6) ...............................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

This Court dismissed Plaintiff David Blachley's claims for unfair competition based on trademark infringement under federal and California law due to lack of personal jurisdiction, and dismissed his claims for breach of contract and breach of the implied covenant of good faith and fair dealing based on the forum selection clause in the parties' Licensing Agreement. ECF No. 57 at 10, 13-14. The Court also dismissed his conspiracy claim for failure to plead sufficient facts to state a claim, leaving only his fraud claim remaining. *Id.* at 14. The Court granted Plaintiff limited permission to "file an amended complaint to address the deficiencies identified in this Order as to his conspiracy claim," but expressly prohibited him from asserting "any claims the Court has dismissed in this Order for lack of jurisdiction or improper venue." *Id.*

Instead of filing an amended complaint addressing the deficiencies of his conspiracy claim, Plaintiff lodged a Third Amended Complaint that far exceeded the limited scope of the Court's prior order, reasserting previously dismissed causes of action and adding several new causes of action. Although it is unclear which Third Amended Complaint is the operative proposed pleading,[1] it appears that Plaintiff is asserting 16 claims in a pleading constituting over 300 pages including exhibits. ECF No. 69-1 (hereinafter "TAC").

Plaintiff's TAC, which names two corporate representatives personally, is unclear, abusive and in violation of the language and the spirit of the Court's Order granting leave to amend. Preliminarily, the motion to amend should be denied based on Plaintiff's failure to meet and confer (ECF No. 70-1 at ¶ 2). Leave to amend should be summarily denied to the extent the TAC reasserts claims, including breach of

---

[1] Defendants assume the ECF-filed proposed Third Amended Complaint at ECF 69-1 is the operative pleading for purposes of opposing Plaintiff's motion to amend.

contract and breach of the implied duty of good faith and fair dealing, because these claims were already dismissed for lack of jurisdiction/improper venue and thus the motion to amend violates the Court's prohibition against reasserting those claims. ECF No. 57 at 14. Leave to amend to assert the remaining claims in the TAC should also be denied because the proposed amendments are futile and have been made in bad faith.

## II.    STATEMENT OF FACTS.

### A.    The Parties

Defendants BLINDS TO GO (U.S.) INC. ("BTG US") and BLINDS TO GO INC. ("BTG Canada") incorporate their prior recitation of facts on their motion to dismiss (ECF Nos. 33 at 2-8 and 33-2), but repeat certain facts here. BTG Canada is a Canadian corporation with its principal place of business in Quebec, Canada. (Declaration of Stephen Shiller, dated January 28, 2025, ¶ 8 ["Shiller Decl."].) Its wholly owned subsidiary, BTG US, is a Delaware corporation with its principal place of business in Paramus, New Jersey (Shiller Decl. ¶ 9)(collectively referred to as "BTG"). BTG manufactures and sells custom made blinds and shades through its own retail stores located in Canada and the Eastern United States. (Shiller Decl. ¶ 2.)

Proposed defendant Stephen Shiller is BTG's President and is a resident of Montreal, Quebec. (*Id.* ¶¶ 5.) Proposed defendant Nkere Udofia is the Chairman of BTG and is a resident of New Jersey. (Declaration of Nkere Udofia, dated January 28, 2025, ¶ 3 ["Udofia Decl."].)

### B.    The Parties' Contract

Blachley, BTG Canada, and BTG US are parties to a Licensing Agreement ("Agreement") effective November 20, 2015 whereby Blachley granted BTG an exclusive license to use the Intellectual Property, including certain patents and know-how, in connection with the manufacture, distribution, and sale of shutter products in the "Territory," which is defined in the Agreement as Canada, Connecticut, Delaware, Maryland, Massachusetts, New York, New Jersey, Pennsylvania, Rhode Island, New

Hampshire, Virginia and Washington DC. (ECF No. 33-2 ¶¶ 4-6 & ECF No. 33-3 §§1(b), 1(e), and 2(b).) The Agreement provides that: "The parties hereby submit to the exclusive jurisdiction of the courts in the Province of Quebec and any federal court therein." (ECF No. 33-3 § 7(k).)[2]

### C.    Plaintiff's Current Allegations

The Third Amended Complaint ("TAC") includes numerous fantastical allegations claiming fraud and conspiracy, along with allegations that certain consumer protection statutes have been violated. The allegations in the TAC are confusing and unclear, but seem to assert that: (1) Defendants used unfair tactics to pressure Plaintiff into signing the Agreement to gain access to his patents and technology (2) then sabotaged that technology to exclude Plaintiff from the shutter market and/or (3) used that technology to "bait and switch" consumers. The TAC also claims that these actions were designed to deprive Plaintiff of royalties under the Agreement.  BTG disputes these allegations.

Pressure to Sign the Agreement: The TAC accuses Mr. Shiller of conspiring with an individual (Earl Takefman) to force Plaintiff to execute the Agreement so that BTG could obtain Plaintiff's intellectual property and technology. (TAC, ECF 69-1, ¶¶ 31-32.) Plaintiff alleges that Mr. Takefman filed a "fraudulent lawsuit" in Florida and lodged "false criminal allegations" with the Los Angeles District Attorney to force him "to relinquish his assets." (¶ 33.) The TAC also accuses Mr. Shiller of "love bombing" Plaintiff (¶ 38), exploiting him emotionally (¶¶ 42-43, 48), and falsely promising a partnership (¶¶ 42, 44, 49-51) to induce Plaintiff to sign the Agreement,

---

[2] The Agreement is not attached to the TAC, but the Court may properly consider it on the motion to dismiss given the TAC's reliance on that Agreement (*e.g.* ¶ 129, 141, 152, 154.) A court may consider "documents that are incorporated by reference, but not physically attached to, the complaint if they are central to plaintiff's claim and no party questions their authenticity." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

1  and thereby gain control over his patents and technology (¶ 36). Mr. Blachley also
2  claims that he was misled about "critical testing and due diligence" before the
3  Agreement was signed, such as a "Private Jet Trip" to Georgia and the involvement
4  of certain employees on the trip (¶¶ 71-72). The TAC alleges that Mr. Nkere was
5  involved in the negotiation of the Agreement and insisted on retaining "predatory
6  terms." (*Id.* 107-09.)

7      <u>Alleged "Sabotage" of Patented Technology:</u> The TAC alleges that
8  "Defendants have modified Plaintiff's Patented Products in an inferior, limited, and
9  overpriced fashion and marketed them without Plaintiff's authorization and without
10 paying royalties." (*Id.* ¶ 53.) Plaintiff alleges that one of Defendants' purposes was to
11 "sabotage" his innovation (*id.* ¶ 55) and undermine his intellectual property and
12 market presence. (*Id.* ¶ 66.) The "unauthorized" changes to Plaintiff's shutter design
13 allegedly rendered the shutters "dysfunctional" (*id.* ¶¶ 41, 66 *see also id.* ¶ 65) with
14 the purpose of sabotaging the products' "market viability." (*Id.* ¶ 45.) Plaintiff also
15 claims Defendants have "manipulate[d] legal processes" to prevent him from bringing
16 his products to market. (*Id.* ¶ 67; *see also id.* ¶¶ 90-94.)

17     The TAC further claims that the Agreement is predatory for various reasons
18 (TAC ¶¶ 81-84), including that it gave Defendants the ability to foreclose on his
19 patents (*id.* ¶ 82) and that Defendants manipulated the "Royalties clause" to avoid
20 paying royalties (*id.* ¶¶ 84-85). The TAC also claims that BTG purposely "stagnated"
21 product sales by various means, demonstrating that Defendants never intended to
22 market Plaintiff's shutter products but instead intended to neutralize Plaintiff's
23 product as a competitive threat (*id.* ¶¶ 86-89). The TAC also describes an alleged
24 "bait-and-switch" scheme where apparently BTG promoted MORVIEW shutters and
25 then redirected consumers to buy more expensive products (*id.* ¶ 37).

26     **D.    <u>The Proceedings in Canada</u>**

27     The parties are litigating their disputes over the Agreement in Canada. BTG
28 brought an action against Mr. Blachley in November 2019 in the Quebec Superior

Court, District of Montreal, asserting breach of the Agreement and requesting damages. (Shiller Decl. ¶ 21.) This action was consolidated with an action filed a few days later in the Superior Court of Quebec asserting that Mr. Blachley wrongly obtained $75,000 in additional funds from BTG by subterfuge. (*Id.*) The consolidated actions are pending in the Quebec Superior Court and are currently scheduled for trial commencing on March 31, 2025. (*Id.* ¶ 22.) As noted in his <u>Amended</u> Summarized Means of Defense Cross-Application filed in the Canadian Litigation, Mr. Blachley made many of the same allegations in the Canadian Litigation that he makes in the TAC, including that: (1) Mr. Shiller used Mr. Takefman's lawsuit in Florida as leverage to pressure him into signing the Agreement (Declaration of Neal Slifkin, dated January 28, 2025, Ex. B at ¶¶ 17-30); (2) BTG made false representations regarding a partnership to induce him to sign the Agreement (*id.* ¶¶ 32-35); (3) BTG changed the shutter design without approval (*id.* ¶¶ 39-40); and (4) BTG suppressed the commercialization of Blachley's products (*id.* ¶¶ 59-62).

## III.    **PLAINTIFF'S PROPOSED AMENDMENT REASSERTS CLAIMS EXPRESSLY PROHIBITED BY THE COURT'S ORDER.**

The Court's order granting Mr. Blachley leave to amend his conspiracy claim expressly prohibited him from asserting "any claims the Court has dismissed in this Order for lack or jurisdiction or improper venue." ECF 57 at 14.

The Court's order dismissed Plaintiff's claims for unfair competition based on trademark infringement under federal and California law based on lack of personal jurisdiction. ECF 57 at 13. The proposed TAC includes counts for Federal Unfair Competition with Respect to the MORVIEW Mark (Count VIII), and Statutory Unfair Competition with Respect to the MORVIEW Mark (Count IX), and the motion to amend to include these claims should thus be denied because the reassertion of these claims was expressly prohibited by the Court's order.

The Court's order dismissed Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing under *forum non conveniens*

based on the forum selection clause in the Agreement, ECF 57 at 10, which is also a venue based-dismissal. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 663 (9th Cir. 2009) ("[T]he doctrine of *forum non conveniens* is 'nothing more or less than a supervening venue provision' that goes to 'process rather than substantive rights.'" (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)). Plaintiff's motion to amend to add proposed counts Breach of Contract (Count VI) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count VII) should thus be denied because the Court prohibited such an amendment in its previous order.

For the same reason, the motion to amend to add the count for Declaratory Relief (Count IV) should be dismissed. That claim seeks declaratory relief from the Court finding that the Agreement is "void and unenforceable" based on an alleged violation of the implied covenant of good faith and fair dealing (TAC, ECF No. 69-1, at ¶¶ 167-69). This claim simply repackages the breach of the implied covenant of good faith and fair dealing claim already dismissed by the Court under the doctrine of *forum non conveniens*.

## IV.   THE MOTION TO AMEND SHOULD BE DENIED AS TO THE REMAINING CLAIMS BECAUSE THEY ARE FUTILE AND MADE IN BAD FAITH.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts typically apply four factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) undue prejudice to the opposing party, and (4) futility of amendment. *Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Although five factors generally are considered when assessing the propriety of a motion to amend, futility of amendment alone can justify the denial of a motion." *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

The proper test to apply when determining the legal sufficiency of a proposed amendment is identical to the one used to consider the sufficiency of a pleading under Rule 12(b)(6). *Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, No. 2:21-cv-04758 JVSJ (Dex), 2022 WL 3012824, at *5 (C.D. Cal. June 10, 2022). A complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). *See also European Travel Agency Corp. v. Allstate Ins. Co.*, 600 F.Supp. 3d 1099, 1103 (C.D. Cal. 2022) ("However, '[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend.'") (citation omitted).

## V.    THE PROPOSED AMENDED CLAIMS ARE FUTILE BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS AND/OR FAIL TO STATE A CLAIM.

Applying the Rule 12(b)(6) standard, a proposed amendment is futile where the claim would be barred by the applicable statute of limitations. *See, e.g.*, *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir. 2003) (denying leave to amend in part because the 10–year statute of limitations on the claim had run and thus, "permitting Deutsch to amend his complaint would be futile"); *Vigil v. Miller*, 17 F. App'x 657, 658 (9th Cir. 2001).

While the "discovery rule" may toll the statute of limitations, where a proposed complaint "shows on its face" that the proposed claims would be barred without the benefit of the discovery rule, the plaintiff must "specifically plead facts to show (1) the time and manner of the discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *Eisenberg v. Citibank, N.A.*, No. 2:13-cv-01814-CAS (JPRx), 2016 WL 6495347, at *4 (C.D. Cal. Oct. 31, 2016) (quoting *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th

1308, 1319 (2007)).[3] Where the claims are time-barred, and plaintiff fails to plead facts supporting the application of the delayed discovery rule, dismissal is required. *See Archie v. Pop Warner Little Scholars, Inc.*, No. 16CV6603PSGPLAX, 2017 WL 11628813, at *6 (C.D. Cal. Oct. 20, 2017).

The TAC alleges that (1) Blachley was fraudulently induced to enter the Agreement by Mr. Shiller's "love bombing" and false promises of a partnership (¶¶ 36, 38, 48-51); (2) he was pressured into entering the Agreement by a conspiracy between Mr. Takefman and Mr. Shiller (¶¶ 31-35); (3) Defendants thereby obtained his patents and technology (¶¶ 32, 46); (4) the Agreement was unfair, oppressive and structured to restrict Blachley's use of his patents in California and prevent commercialization of his technology (¶¶ 38-40); (5) Defendants thereafter "sabotaged" Plaintiff's shutter products, including by having Ventana make "unauthorized" changes to his designs (¶¶ 41, 95-106); (6) Defendants marketed Plaintiff's modified shutter products without his authorization and without paying royalties (¶ 53); and (7) the marketing of those products as "designed in California" was deceptive (¶ 58).

The TAC lacks any allegations detailing when Plaintiff discovered these alleged frauds and other bad acts, but is replete with allegations demonstrating Plaintiff had discovered or was at least put on notice of his claims far prior to the running of the applicable statutes of limitation. Plaintiff had actual and/or constructive notice of the Agreement's terms and to the extent that Plaintiff alleges that any pre-agreement statements made by BTG, Mr. Shiller and/or Mr. Nkere were false, he would have known that as soon as he signed the Agreement. *Eisenberg*, 2016 WL 6495347, at *6. The express allegations of the TAC and attached documents demonstrate that Plaintiff either knew about or had knowledge of facts sufficient to

---

[3] For purposes of this motion, BTG will assume that California law applies, but reserves the right to argue the laws of Canada apply to any surviving claims.

put him on inquiry about the other allegedly wrongful and/or deceptive acts. *See Cammarata v. Kelly Cap., LLC*, 339 F. Supp. 3d 1033, 1042 (S.D. Cal. 2018), *aff'd*, 806 F. App'x 531 (9th Cir. 2020) ("The statute begins to run 'not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing.'") (quoting *Kline v. Turner*, 87 Cal. App. 4th 1369, 1374 (2001)).

The TAC attaches a November 22, 2015 email where Plaintiff claims that certain designs were changed "without talking to me." (TAC, page 151 of 355.) In a June 10, 2016 email, Plaintiff complains about "problems your teams is having [sic] with the BTG shutter program," and states that the project is "so beyond the outside projections" (*id.* page 149 of 355). The TAC attaches correspondence to Plaintiff from Ventana in January 2016 and November 2016 detailing the "unauthorized" alterations in his product (*id.* pages 234-35, 286-289 of 355). Plaintiff confirmed in January 2017 that BTG had shared "other changes BTG has made to the shutter" (*id.* page 294 of 355). In April 2017, Mr. Blachley's lawyer sent correspondence to Mr. Shiller claiming that: (1) Mr. Blachley believed that the shutter product had not yet been sold in stores despite sales being anticipated "a year ago"; but that (2) he discovered through a BTG employee that BTG had been selling the product at a number of its locations (*id.* page 304 of 355). Plaintiff outlined alleged deficiencies in BTG's product offerings in August 2017 (*id.* page 164 of 355).

The TAC also asserts that "Defendants instructed the lawyers to draft an injunctive relief that would ban Plaintiff's use of the Trademark provide them access to Plaintiff's IP including authorization to use of Plaintiff's pattern and trademarks, including access to Plaintiff's chain where his machinery equipment tooling was being used to produce patented component parts," "Defendants then filed these untrue statements, claiming they somehow had rights to Plaintiff's above mention property, Trademark machinery, and supply chain," and "Defendants then made representation to the court that the documents were true convincing the judge to hand down an

9

order," which among other things, prevented him commercializing his patented design (*id.* ¶¶ 61, 66).[4] Plaintiff also admits that he "sent a final notice" after "three years of unsuccessful attempts to resolve the issue" (*id.* ¶ 63).

### A.   The Fraud Claims Are Time-Barred And Otherwise Futile.

The TAC asserts three claims for fraud: Fraud and Misrepresentation (Count I), Fraud – Concealment (Count II), Constructive Fraud (Count III). These claims are based on allegedly false representations that Defendants desired a partnership with Plaintiff (TAC ¶¶ 127-128, 131, 152), concealed certain information about the "Private Jet Trip" and Abdelgader's involvement (¶ 134), and forced Plaintiff to enter the Agreement as part of a conspiracy with Takefman (¶¶ 141, 151). After entering into the Agreement and obtaining Plaintiff's trade secrets and intellectual property, Defendants failed to perform the Agreement and disrupted Plaintiff's supply chain (TA. ¶¶ 129-130, 135).

The limitations period for fraud claims is three years. Cal. Code Civ. Proc. § 338(d). As noted at page 9 above, Plaintiff had actual or constructive knowledge of any discrepancy between the Defendants' pre-agreement statements and the terms of the Agreement when the Agreement was signed in November 2015. He also knew that Defendants were working with his suppliers and were working on his designs in 2016, and that Defendants had a product on the market by 2017. The injunction referenced in the TAC was lodged in November 2019. Thus, the "fraud" was complete, according to Plaintiff's own allegations in the TAC, either by November 2015 or at the very latest November 2019. Because the fraud claim has been asserted

---

[4] Blachley references the injunctive relief BTG obtained in Canada as part of Defendants' alleged scheme (TAC ¶¶ 61, 66-67, 90-94). The Court can thus take judicial notice of the fact that BTG applied for injunctive relief in Canada in 2019 and obtained an injunction in November 2019. (ECF No. 33-2 ¶ 23 & 33-10). *See Luxpro Corp. v. Apple Inc.*, No. C 10-03058 JSW, 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011)(court considered foreign orders referenced in the complaint where plaintiff sought relief based on being forced to stop production because of the injunction).

more than "three years after commission of the fraud," Plaintiff had "the burden of pleading and proving that he did not make the discovery until within three years prior to the filing of his complaint." *Cammarata*, 339 F. Supp. 3d at 1040 (quotation omitted). The TAC "fails to make the required showing because it does not allege any facts to establish *when* or *how* Plaintiff discovered the concealment of the aforementioned facts." *Id.* at 1041. Rather, by his own allegations in the TAC, Plaintiff has demonstrated knowledge of the facts for more than three years prior to the filing of his complaint, and thus, the proposed amendment is futile because the fraud claims are time-barred.

Further, the constructive fraud claim relies on an alleged fiduciary duty owed by the Defendants to the Plaintiff (TAC ¶ 159). The Agreement is an arms-length transaction between the Plaintiff and BTG, and the claims assert no allegations demonstrating that the Agreement carried a fiduciary duty. *City of Hope Nat'l Medical Center v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008) (addressing claim that Genentech concealed the extent of its profits resulting from the licensed technology, and withheld royalties on those profits and holding that royalty agreement did not create a fiduciary duty). While "[e]very contract requires one party to repose an element of trust and confidence in the other to perform," not every contract gives rise to a fiduciary relationship. *Id.* at 388–89. The proposed claim alleges no facts indicating that Defendants "entered into [the licensing agreement] with the view of acting primarily for the benefit" of Plaintiff. *Id.* at 386, and thus Plaintiff has failed to allege a fiduciary duty. *See Portney v. CIBA Vision Corp.*, No. SACV 07-0854 AG (MLGx), 2008 WL 5505517, at *3–4 (C.D. Cal. July 17, 2008) (license agreement did not create fiduciary duty).

## B.    The Proposed Civil Conspiracy Claim is Time-Barred.

The limitations period for a civil conspiracy claim based on fraud is three years and accrues upon the discovery of the facts constituting the fraud. Cal. Civ. Proc. Code § 338; *Suber v. VVP Servs., LLC*, No. 2:23-cv-02932-SPG (AGMx), 2023 WL

8143876, at *6 (C.D. Cal. Oct. 25, 2023). Although Plaintiff has not pled facts demonstrating when he discovered the conspiracy, it allegedly involves the Defendants' theft of Plaintiff's trade secrets and intellectual property (TAC ¶ 172), and the alleged collaboration between Mr. Shiller and Mr. Takefman to force Plaintiff to sign the Agreement by threat (*id.* ¶¶ 173-74). The 2015 Agreement expressly provided BTG with a license to Plaintiff's patents and know-how (Shiller Decl., Exh. A at §§ 1(b), 2). The Agreement expressly acknowledged the Takefman lawsuit and required Plaintiff to obtain a dismissal (*id.* § 5), and also created the "lien" (*id.* § 3) referenced by Plaintiff (TAC ¶ 175).

Additionally, Plaintiff admits that the alleged conspiracy between Mr. Shiller and Mr. Takefman was proven by emails dated December 11, 2015 (TAC ¶ 174). To the extent the conspiracy did not maintain the "integrity of Plaintiff's patented designs" (*id.* ¶ 177; *see also* ¶¶ 178, 180), Plaintiff knew as of 2016 that his designs were allegedly being altered (see page 9, *infra*). His claims that Mr. Nkere recommended that Plaintiff proceed with allegedly unfair terms of the agreement and refused to change them (TAC ¶¶ 108-113), were memorialized in an email to Plaintiff dated December 1, 2015 (TAC, page 185 of 355). The conspiracy claim, which accrued in 2016 at the latest, is thus time-barred and leave to amend should be denied as futile.

### C.    The Proposed Claims for Violation of California's False Advertising Law and California Legal Remedies Law Are Time-Barred and Otherwise Fail to State a Claim.

Plaintiff's claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL") is based on the assertion that "Defendants executed a decades-long marketing strategy targeting California consumers" promising to test and commercialize the shutter product, but intentionally withheld the product from

the market and/or steered consumers towards higher cost blinds (TAC ¶¶ 216-19).[5]

Plaintiff's proposed Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.,

claim ("CLRA") asserts that Defendants directed Ventana to make "unauthorized"

changes to the shutter design (¶ 226), that the changes undermined the functionality

and reputation of the patented design (¶ 227), that the designs were marked with the

incorrect patent numbers (¶ 228), and that the unauthorized design changes violated

the terms of the Agreement (¶ 229), all of which mislead consumers (¶ 230).

These claims are time-barred. Both claims are subject to a three-year statute of

limitations. Cal. Civ. Proc. Code § 338(a) (providing a default three-year statute of

limitations for actions created by statute); Cal. Civ. Code § 1783 (three-year statute

of limitations for actions under the CLRA). *See Yumul v. Smart Balance, Inc.*, 733 F.

Supp. 2d 1117, 1130 (C.D. Cal. 2010) (three year limitations period for both claims).

Under California law, the statute of limitations "runs from the moment a claim

accrues." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013). Because

FAL and CLRA "proscribe misleading, false, or otherwise deceptive practices or

statements in transactions for the sale or lease of goods to consumers," a cause of

action "accrues when a defendant misrepresents or omits material information

regarding a product or service and a consumer makes a purchase as a result of such

deceptive practices." *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL

695024, at *7 (N.D. Cal. Feb. 21, 2014); *Brown v. Madison Reed, Inc.*, 622 F. Supp.

3d 786, 799 (N.D. Cal. 2022), *aff'd*, No. 22-16415, 2023 WL 8613496 (9th Cir. Dec.

13, 2023).

---

[5] This cause of action fails to state a claim because is it directly contradicted by the
Agreement. BTG's "Territory" did not include California (Shiller Decl. Ex. A at
§ 1(e)), and thus BTG did not have any obligation to sell shutter products in
California. And, in fact BTG has not sold any shutter products in California (*id.* ¶
11).

With respect to both the FAL and CLRA claims, the TAC alleges that BTG began selling and advertising the shutter products as "designed in California" and under the MORVIEW mark in 2016 (TAC ¶ 58) and the alleged wrongful marking with Plaintiff's patent numbers (of which Plaintiff had knowledge) was present in the original tooling (*id.* pages 285-286 of 355). Any alleged alterations in the products were known in 2016 (*id.* pages 234-35, 286-289 of 355). Thus, the FAL and CLRA claims accrued in 2016 and are now barred by the three-year statute of limitations.

Further, Plaintiff lacks standing under FAL or CLRA. To assert a claim under the FAL, a person must have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. Generally, a plaintiff asserting a claim under the FAL is "required to plead and prove actual reliance on the misrepresentations or omissions at issue." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020). However, "[n]o California courts have explicitly considered whether third party reliance is sufficient to sustain a false advertising claim between competitors." *Youngevity Int'l, Corp. v. Smith*, 224 F. Supp. 3d 1022, 1031 (S.D. Cal. 2016), *modified on reconsideration,* No. 13:16-CV-00704-L-LJB, 2016 WL 7626585 (S.D. Cal. Dec. 9, 2016). Among the federal courts to have considered the issue, the "majority approach" has been to require that the plaintiff plead its own reliance. *Id. See Redbox Automated Retail, LLC v. Buena Vista Home Ent., Inc.,* 399 F. Supp. 3d 1018, 1034 (C.D. Cal. 2019) ("Such consumer reliance, absent Redbox's own actual reliance, is insufficient to confer statutory standing under California's false advertising law.") Here, Plaintiff has not pled he relied on the allegedly false advertising or patent marking, nor is he even a consumer of the shutters at issue, so his claim should also be dismissed for lack of standing.

The CLRA only applies to a consumer "transaction," Cal. Civ. Code § 1770(a), and defines a "transaction" as an "agreement" between the consumer and the merchant. *Id.* § 1761(e). A "consumer" is "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."

*Id.* § 1761(d). Thus, the "CLRA applies ... only to consumer contracts." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). Plaintiff is in a licensing dispute with Defendants—he has not purchased shutters from them for personal or household use. Thus, he cannot bring a CLRA claim. *See Bristow v. Lycoming Engines*, No. CIV S-06-1947 LKK/GGH, 2007 WL 1752602, at *5 (E.D. Cal. June 15, 2007) (denying certification of CLRA subclass where title to plane with defective crankshaft was held by plaintiff's corporation); *Ting*, 319 F.3d at 1148 (CLRA inapplicable to commercial or government contracts, or to contracts formed by nonprofit organizations and other non-commercial groups). Because the claims are time-barred and Plaintiff lacks standing, leave to amend to assert the FAL and CLRA claims should be denied.

### D. The Proposed Trade Secret Act Claims Are Time-Barred and Otherwise Fail to State a Claim.

The statute of limitations for Plaintiff's trade secrets claims under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUSTA") is three years from the date the misappropriation is discovered or should have been discovered. *See* 18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6. "[T]he limitations period begins once the plaintiff has notice or information of circumstances to put a reasonable person on *inquiry*.... A plaintiff need not be aware of the specific facts necessary to establish the claim; that is a process contemplated by pretrial discovery." *Woodall v. Walt Disney Co.*, No. CV 20-3772-CBM(Ex), 2024 WL 5329913, at *2 (C.D. Cal. Nov. 1, 2024) (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988)).

The TAC alleges that the Agreement resulted in trade secret misappropriation: "Defendants leveraged inside knowledge gained in an inside disclosures and access to Plaintiff's patented components parts tooling, machinery and suppliers, IP Trademark in a failed 2015 partnership agreement." (TAC ¶ 56). The TAC attaches multiple documents regarding R&D and product designs sent to BTG in 2016 (*e.g.*, TAC pages 132-135, 137-139, 141-47 of 355). The TAC alleges that BTG was

working with Plaintiff's supplier Ventana in 2016 (*id.* pages 234-35, 286-289 of 355). Plaintiff has been on notice that BTG has been selling the shutters at issue since 2017 (*id.* page 304 of 355). Because Plaintiff knew or has been on notice since 2015, 2016, and/or 2017 that Defendants have been using his patents and technology, the trade secret claims are time-barred. In addition, the use of patents and technology was expressly granted and allowed pursuant to Agreement.

When alleging a claim for trade secret misappropriation under the DTSA or the CUTSA, a plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1151 (S.D. Cal. 2022) (quoting *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 75 (N.D. Cal. 2020)). While a plaintiff "need not spell out the details of the trade secret[s]," *Navigation Holdings*, 445 F. Supp. 3d at 75 (internal quotations omitted), a plaintiff "may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020). The TAC's identification of trade secrets as "functional requirement, specifications, operating procedures, configuration specifications, and other highly confidential information that Defendants had access to via their relationship with Plaintiff" (TAC ¶ 235) clearly lacks the required particularity, and thus the motion amend should be denied.

### E.   Plaintiff's Other Tort Claims Are Time-Barred

Both tortious interference with contract claims and tortious interference with prospective economic advantage claims have a limitations period of two years. *Ramirez v. Navarro*, No. 5:20-cv-02408-SP, 2023 WL 1806847, at *14 (C.D. Cal. Jan. 5, 2023), *aff'd*, No. 23-55112, 2024 WL 1874993 (9th Cir. Apr. 30, 2024); *Cheske v. Waring*, No. CV 10-06363 ODW (CTx), 2010 WL 4916611, at *2 (C.D. Cal. Nov. 24, 2010) (citing Cal. Civ. Proc. Code § 339(1)); *Total Vision, LLC v. Vision*

*Serv. Plan*, 717 F. Supp. 3d 922, 939 (C.D. Cal. 2024). A tortious-interference claim typically accrues "at the date of the wrongful act." *DC Comics v. Pac. Pictures Corp.,* 938 F. Supp. 2d 941, 948 (C.D. Cal. 2013) (quoting *Trembath v. Digardi*, 43 Cal.App.3d 834, 836 (1974)). A tortious interference with prospective economic advantage claim accrues when the economic harm to plaintiff occurs. *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (SSx), 2013 WL 12114762, at *12 (C.D. Cal. Oct. 8, 2013).

Here, Plaintiff alleges that the 2015 Agreement stopped his business with Home Depot and Lowe's: "Having these controls, Defendants prevented Plaintiff from bringing his products to national retailers due to the 2015 document which gave them exclusive rights to eight states in America, which then represents a deal breaker with any national retailer interested in Plaintiff's technology.  Specifically, Home Depot Lowe's both having High interest in Plaintiff's technology." (TAC ¶ 62). Plaintiff also alleged that the "injunctive relief orders" prohibited him "from bringing his products to national retailers, damaging his business and reputation significantly." (TAC ¶ 67.) The injunction was entered in November 2019 (ECF No. 33-2 ¶ 23 & 33-10). At the latest, the statute of limitations ran in November 2021 and leave to amend should be denied to assert the tortious interference claims.

The limitations period for a claim of conversion is three years. *See* Cal. Civ. Proc. Code § 338(c)(1); *see also AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639 (2006). Time to file commences upon "the act of wrongfully taking property." *AmerUS*, 143 Cal.App.4th at 639; *accord Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1279 (C.D. Cal. 2015). As noted above, Plaintiff claims that Defendants obtained his property in 2015 through the Agreement and thus the statute of limitations on the conversion expired in, at the latest, 2018 and granting leave to amend would be futile.

## VI.    <u>THE COURT LACKS PERSONAL JURISDICTION OVER MR. SHILLER AND MR. UDOFIA.</u>

Mr. Shiller is a resident of Quebec, Canada who does not own property, have bank accounts or pay personal taxes in California. Other than travelling to California on a few occasions, his BTG interests do not involve California. (Shiller Decl. ¶¶ 5-11). Likewise, Mr. Udofia is a resident of New Jersey who does not own property, have bank accounts or pay any personal taxes in California. (Udofia Decl. ¶¶ 3-4). He has never travelled to California on BTG-related business, and his dealings with Mr. Blachley were in New Jersey and Georgia (*id.* ¶¶ 5-6).

Many of Plaintiff's jurisdictional allegations, including sales and marketing activities in California, relate to BTG (TAC ¶¶ 11, 13-14, 16-17, 20, 23) and were already rejected by the Court as insufficient to create jurisdiction over BTG. *See* ECF No. 57 at 13-14. Plaintiff's jurisdictional allegations regarding Mr. Shiller relate to his communications with Plaintiff, negotiation of the Agreement, the transfer of funds to Plaintiff, and certain interactions with suppliers including Ventana (many of which are denied, *see* Shiller Decl. ¶¶ 13-16). *See* TAC ¶¶ 10, 12, 14, 22. The TAC lacks specific venue-related allegations related to Mr. Udofia, but seems to allege that Mr. Udofia contacted and negotiated the Agreement with Plaintiff, a California resident.  (TAC ¶ 12.)

Plaintiff bears the burden of establishing personal jurisdiction over the Defendants. *See Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002). Because the individual defendants do not reside in California, the Court must look to California's long-arm statute to determine whether jurisdiction is proper. *See Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). Under California's "long arm" statute, California courts may exercise jurisdiction over nonresident defendants only to the extent permitted under the U.S. Constitution's Due Process clause. *See* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"); *see also*

*Terracom v. Valley Nat. Bank,* 49 F.3d 555, 559 (9th Cir. 1995).

Constitutional due process allows California courts to assert personal jurisdiction over a nonresident defendant only if that defendant has "certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1286 (9th Cir. 1977). The concept of minimum contacts "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980).

Personal jurisdiction may arise as either general jurisdiction over the defendant for all purposes, or as specific jurisdiction over a specific cause or causes of action involving a defendant. *See Data Disc,* 557 F.2d at 1287. A court may exercise general jurisdiction over a defendant whose contacts with the forum state are "'substantial' or 'continuous and systematic'" and "approximate physical presence" within the state. *Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). To determine if the defendant's contacts meet this standard, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id*. If there is no general jurisdiction, the court may exercise specific jurisdiction over the defendant if the following three conditions are met: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of personal jurisdiction is reasonable." *Id*.

Here, the Court lacks general jurisdiction over Mr. Shiller and Mr. Udofia because they lack "continuous and systematic" contacts with the State. With respect to specific jurisdiction, they did not purposely avail themselves of the privilege of

19

conducting business in California—California is not one of the markets served by BTG and defendants run BTG's business from Quebec and New Jersey. (Shiller Dec. ¶¶ 7-11; Udofia Decl. ¶¶ 3, 6.) It would be unreasonable to exercise personal jurisdiction over these defendants simply because Plaintiff is located in California, particularly when the asserted claims relate to the Agreement, which provided for exclusive jurisdiction in Canada and is governed by Canadian law (Shiller Decl. Ex. A at § 7(k)). The motion to amend should be denied insofar as it seeks to add claims against Mr. Shiller and Mr. Udofia because the Court lacks jurisdiction over these individuals.

## VII.  THE PROPOSED AMENDMENTS ARE IN BAD FAITH.

The proposed amendments should be denied because they are in bad faith. A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Kobayashi v. McMullin*, No. 2:19-cv-06591-SSS (MAA), 2023 WL 11822286, at *5 (C.D. Cal. July 7, 2023), *report and recommendation adopted*, No. 2:19-cv-06591-SSS-MAA, 2023 WL 11822282 (C.D. Cal. Sept. 1, 2023) (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015).

The Canadian Litigation has been pending in Quebec, Canada since November 2019 and Plaintiff asserts many of the same claims there as are now alleged in the TAC. (*See* page 5, *infra*.) Despite being given leave to amend one claim, Plaintiff's proposed amendment asserts 16 claims, including several expressly prohibited by the Court's order because they were previously dismissed for lack of personal jurisdiction/improper venue. *See* 57 ECF 13-14. The TAC contains over 300 pages of material that is often vague, confusing and incoherent. Plaintiff has vexatiously multiplied his claims and attempted to drag the individual defendants in the case to

1   try to derail the impending trial in Canada in March 2025 (*see* Shiller Decl. ¶ 22).

2   Based on this bad faith, the motion to amend should be denied.

3       To the extent that the motion to amend is granted with respect to certain causes

4   of action, BTG intends to move to dismiss those causes of action under the doctrine

5   of *forum non conveniens* pursuant to the Agreement's forum selection clause. Where

6   resolution of the tort claims relies on the interpretation of the contract, the forum

7   selection clause applies to those claims. *Mannetti-Farrow, Inc. v. Gucci America,*

8   *Inc.*, 858 F.2d 509, 514 (1988). Here, Plaintiff's claims center on whether he is owed

9   royalties, whether any changes to the product were authorized under the Agreement,

10  whether the terms of the agreement are "fair" and their effect on his technology.

11  Because the tort claims "cannot be adjudicated without analyzing whether the parties

12  were in compliance with" the Agreement, they should be dismissed under the doctrine

13  of *forum non conveniens* pursuant to the forum selection clause.

14  **VIII. CONCLUSION**

15      For the foregoing reasons, the Court should deny Plaintiff David Blachley's

16  motion to amend to assert the Third Amended Complaint under Federal Rule of Civil

17  Procedure 15(a), along with such other and further relief the Court deems just and

18  proper.

19

20

21

22

23

24

25

26

27

28

DATED:  January 28, 2025                    Tucker Ellis LLP


                                           By:  /s/Helena M. Guye
                                                Helena M. Guye
                                                helena.guye@tuckerellis.com
                                                Attorneys for Defendants
                                                BLINDS TO GO (U.S.) INC. and
                                                BLINDS TO GO INC.

                                                HARRIS BEACH PLLC
                                                Neal L. Slifkin (*pro hac vice*)
                                                NSlifkin@HarrisBeachMurtha.com
                                                Laura W. Smalley (*pro hac vice*)
                                                LSmalley@HarrisBeachMurtha.com
                                                99 Garnsey Road
                                                Pittsford, NY 14534
                                                Telephone:    (585) 419-8800
                                                Facsimile:    (585) 419-8813

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Defendants BLINDS TO GO (U.S.) INC. and BLINDS TO GO INC., certifies that this brief contains 6,983 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 28, 2025                    Tucker Ellis LLP


                                           By:    /s/Helena M. Guye
                                                  Helena M. Guye