TUCKER ELLIS LLP
Helena M. Guye - SBN 350417
helena.guye@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

HARRIS BEACH MURTHA CULLINA PLLC
Neal L. Slifkin (pro hac vice)
NSlifkin@HarrisBeachMurtha.com
Laura W. Smalley (pro hac vice)
LSmalley@HarrisBeachMurtha.com
99 Garnsey Road
Pittsford, NY 14534
Telephone:      (585) 419-8800
Facsimile:      (585) 419-8813

Attorneys for Defendants
BLINDS TO GO (U.S.) INC. and BLINDS TO GO INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DAVID W. BLACHLEY<br><br>Plaintiff,<br><br>vs.<br><br>BLINDS TO GO (U.S.) INC. and BLINDS TO GO INC.,<br><br>Defendants. | CASE NO. 2:24-cv-01632-CBM-Ex<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR SANCTIONS**<br><br>Date: June 3, 2025<br>Time:  10:00 am<br>Ctrm: 8D<br><br>Hon. Consuelo B. Marshall<br><br>Complaint Filed:      February 27, 2024<br>Trial Date:      Not Set |

**PLEASE TAKE NOTICE THAT**, on June 3, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Consuelo B. Marshall, in Courtroom 8D of the United States District Court, Central District of California, located at the United States Courthouse, 350 W. 1st Street, Los Angeles, California, Defendants Blinds to Go (U.S.) Inc. and Blinds to Go Inc. (collectively "BTG") will and hereby do move this Court for an order, pursuant to Fed. R. Civ. P. 11, imposing sanctions upon Plaintiff David W. Blachley, for: (1) seeking leave to file the Third Amended Complaint; (2) filing a motion for a preliminary injunction; (4) filing an application for a Temporary Restraining Order; and (5) filing motions for reconsideration of the Court's order denying his motion for leave to file the Third Amended Complaint and the Court's order denying his motion for a preliminary injunction, including but not limited to an award to BTG of its reasonable expenses and attorneys' fees incurred in actions opposing the Third Amended Complaint, in opposing the preliminary injunction motion, in opposing the motions for reconsideration, and in filing this motion.

The basis for the present motion is that the motion for leave to file the Third Amended Complaint, including the reply on that motion, the motion for a preliminary injunction, the application for a Temporary Restraining Order, and the motions for reconsideration violate Rule 11(b), in that those filings are not well-grounded in law or in fact and are filed for an improper purpose. *See generally Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).

Additional grounds for this motion are: (1) that Plaintiff unnecessarily and unreasonably multiplied the proceedings, justifying an award of attorneys' fees and costs against him pursuant to 28 U.S.C. § 1927; and (2) Plaintiff's bad faith conduct warrants sanctions under Local Rules 11-9 and 83-7 and the Court's inherent power.

The basis for the motion includes:

1.     Plaintiff's motion for leave to file the Third Amended Complaint generally lacked any legal or factual basis in that the motion sought to:

(1) in contravention of the Court's Order (ECF No. 57 at 14), reassert claims previously dismissed by the Court on grounds of lack of personal jurisdiction/improper venue; (2) assert statutory claims that are meritless on their face and lack a factual basis; (3) assert claims that are barred on their face by the statute of limitations; and (4) assert claims against the individual defendants for an improper purpose—to apply pressure on the defendants to settle the litigation and to derail the then-pending trial in Canada.

2.    Plaintiff's motion for a preliminary injunction lacked a factual and legal basis because the motion: (1) relied on causes of action dismissed by the Court; (2) sought relief based on patent infringement although the patents at issue are expired; and (3) sought relief based on trademark infringement claiming priority of use although Mr. Blachley's claim to priority was dismissed by the Trademark Trial and Appeal Board proceeding.

3.    Plaintiff's *ex parte* motion for a temporary restraining order lacked a legal and factual basis, and the request for relief was based on causes of action that have been dismissed by the Court.

4.    Plaintiff's motion for reconsideration of the Court's order denying his motion for leave to file the Third Amended Complaint (ECF No. 110) and his motion for reconsideration of the Court's order denying his motion for a preliminary injunction (ECF No. 109) lack a legal and factual basis, and Plaintiff's consent to filing an amended complaint containing only his fraud and conspiracy claims moots his motion for reconsideration on that issue.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Laura W. Smalley, any other matters of which judicial notice may be taken, the papers on file in this case,

any oral argument that may be heard by the Court, and any other matters that the Court may properly consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 4, 2025. Defendants complied with Federal Rule of Civil Procedure 11(c)(2) prior to filing this motion.


DATED:  April 28, 2025                           Tucker Ellis LLP


                                                 By:  /s/Helena M. Guye
                                                      Helena M. Guye
                                                      helena.guye@tuckerellis.com
                                                      Attorneys for Defendants
                                                      BLINDS TO GO (U.S.) INC. and
                                                      BLINDS TO GO INC.

                                                      HARRIS BEACH PLLC
                                                      Neal L. Slifkin (*pro hac vice*)
                                                      NSlifkin@HarrisBeachMurtha.com
                                                      Laura W. Smalley (*pro hac vice*)
                                                      LSmalley@HarrisBeachMurtha.com
                                                      99 Garnsey Road
                                                      Pittsford, NY 14534
                                                      Telephone:    (585) 419-8800
                                                      Facsimile:    (585) 419-8813

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

I.    INTRODUCTION............................................................................. 1

II.    FACTS. ......................................................................................... 1

    A.    The Licensing Agreement. .................................................. 1

    B.    The Canadian Proceeding.................................................... 2

    C.    The Proceedings Before the U.S. Patent and Trademark Office.............. 2

    D.    The Patents at Issue. .......................................................... 3

    E.    Procedural History............................................................ 3

III.    ARGUMENT ................................................................................. 6

    A.    Rule 11 Standard. ............................................................. 6

    B.    Section 1927 Standard........................................................ 8

    C.    Sanctions Under Local Rules 11-9 and 83-7 and the Court's Inherent Power........... 8

    D.    Plaintiff Has Violated Rule 11 and His Conduct Otherwise Warrants Sanctions. ...... 9

        1.    *The Motion to Amend the Complaint Asserts Claims Contrary to the Court's Order.* ...... 10

        2.    *The Statutory Claims Are Without Factual or Legal Basis.* ........ 11

        3.    *The Claims Against The Individuals Are Time-Barred and Interposed for An Improper Purpose.* .......... 12

        4.    *Plaintiff's Motion for a Preliminary Injunction Lacked a Legal and Factual Basis.* .......... 15

        5.    *Plaintiff's Ex Parte Motion Was Frivolous, and Vexatiously Multiplied The Proceedings.* .......... 16

        6.    *Plaintiff's Motions for Reconsideration Were Frivolous, and Vexatiously Multiplied The Proceedings.* .......... 17

    E.    Issuing Monetary Sanctions Is Appropriate. ......................... 18

IV.    CONCLUSION ............................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015) ............................................................................................ 15

*Barber v. Miller*,
    146 F.3d 707 (9th Cir. 1998).............................................................................. 8

*Bhambra v. True*,
    No. C 09-4685 CRB, 2010 WL 1758895 (N.D. Cal. Apr. 30, 2010)...................... 6

*Estate of Blas v. Winkler*,
    792 F.2d 858 (9th Cir. 1986).............................................................................. 8

*Estate of Blue v. Cnty. of Los Angeles*,
    120 F.3d 982 (9th Cir. 1997)......................................................................... 6, 12

*Bus. Sols., LLC v. Ganatra*,
    No. SA CV 18-1426-DOC(KESx), 2019 WL 4138008 (C.D. Cal. May 22,
    2019).................................................................................................................. 12

*Buster v. Greisen*,
    104 F.3d 1186 (9th Cir. 1997)............................................................................ 6

*In re Cal. Bail Bond Antitrust Litig.*,
    511 F. Supp. 3d 1031 (N.D. Cal. 2021) ............................................................. 7

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ........................................................................................... 19

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002)............................................................................ 7

*Couveau v. Am. Airlines, Inc.*,
    218 F.3d 1078 (9th Cir. 2000)............................................................................ 9

*Deckers Outdoor Corp. v. Bright Trading Corp.*,
    No. LA CV 14-00198 JAK, 2014 WL 12564124 (C.D. Cal. Apr. 28, 2014) ....................... 13

*Diesel S.p.A. v. Diesel Power Gear, LLC*,
    No. 1:19-cv-9308-MKV, 2022 WL 956223 (S.D.N.Y. Mar. 30, 2022) ................. 15

*Disney Enterprises, Inc. v. VidAngel Inc.*,
    No. CV 16-04109-AB, 2017 WL 6819882 (C.D. Cal. Oct. 5, 2017) ...................... 9

*Dobson v. U.S. Bank Tr., N.A*,
  No. 2:20-cv-09687-RGK-AFM, 2021 WL 1235248 (C.D. Cal. Feb. 19, 2021) ...................... 7

*Eisenberg v. Citibank, N.A.*,
  No. 2:13-cv-01814-CAS, 2016 WL 6495347 (C.D. Cal. Oct. 31, 2016), *aff'd
  sub nom, Eisenberg v. Citibank, NA as Tr. for Am. Home Mortg. Assets Tr.
  2006-4 Mortg. Backed Pass-Through Certificates Series 2006-4*, 787 F. App'x
  929 (9th Cir. 2019) ............................................................................................................ 14

*Essence Imaging Inc. v. Icing Images LLC*,
  No. 2:13-cv-5449-CAS(PLAx), 2014 WL 1384028 (C.D. Cal. Apr. 9, 2014) ...................... 16

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) .......................................................................................... 8, 9

*Gajo v. Chicago Brand*,
  No. 17-CV-00380-EMC, 2017 WL 2473142 (N.D. Cal. June 8, 2017) ................................ 13

*Golan v. Pingel Enterprise, Inc.*,
  310 F.3d 1360 (Fed. Cir. 2002) ........................................................................................ 15

*Golden Eagle Dist. Corp. v. Burroughs Corp.*,
  801 F.2d 1531 (9th Cir. 1986) ............................................................................................ 7

*In re Grantham Bros.*,
  922 F.2d 1438 (9th Cir. 1991) ............................................................................................ 7

*Hall v. Cole*,
  412 U.S. 1 (1973) .............................................................................................................. 19

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) .............................................................................................. 7

*Kaffaga v. Steinbeck*,
  No. CV 14-008699 TJH, 2017 WL 11631527 (C.D. Cal. Mar. 24, 2017) ............................ 7

*Kashwere USAJPN LLC v. Costco Wholesale Corp.*,
  No. CV 13-06940 BRO, 2015 WL 14094866 (C.D. Cal. Feb. 26, 2015) .............................. 8

*In re Keegan Management Co. Securities Litigation*,
  78 F.3d 431 (9th Cir. 1996) ................................................................................................ 8

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
  590 U.S. 405 (2020) .......................................................................................................... 15

*Medcursor Inc. v. Shenzen KLM Internet Trading Co.*,
  543 F. Supp. 3d 866 (C.D. Cal. 2021) ............................................................................... 18

*Miller for and on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*,
  991 F.2d 536, 543-44 (9th Cir. 1993), *on reh'g*, 19 F.3d 449 (9th Cir. 1994),
  *abrogation on other grounds noted by Small v. Operative Plasterers' & Cement
  Masons' Int'l Ass'n Loc. 200, AFL-CIO,* 611 F.3d 483 (9th Cir. 2010) ................................. 16

*One Unnamed Deputy Dist. Att'y v. Ctny. of L.A.*,
  No. CV 09-7931 JCG, 2013 WL 12140938 (C.D. Cal. Apr. 24, 2013)................................... 9

*Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*,
  No. ED CV-10-01858 ................................................................................................... 11

*Republic of the Philippines v. Marcos*,
  862 F.2d 1355 (9th Cir. 1988).................................................................................... 18

*Rhinehart v. Stauffer*,
  638 F.2d 1169 (9th Cir. 1979).................................................................................... 18

*Stiglich v. Contra Costa County Bd. of Supervisors*,
  106 F.3d 409 (9th Cir. 1997)...................................................................................... 12

*Towa v. Harl*,
  No. CV 11-10791 AHM, 2012 WL 13418882 (C.D. Cal. Feb. 29, 2012).............................. 8

*Ustian v. Ustian*,
  Case No. 2:22-CV-08845 SPG-MAA, 2023 WL 5667864 (C.D. Cal. May 17,
  2023)......................................................................................................................... 6

*V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*,
  946 F.3d 542 (9th Cir. 2019)...................................................................................... 15

*Wages v. IRS*,
  915 F.2d 1230 (9th Cir. 1990)............................................................................... 8, 11

*Warren v. Guelker*,
  29 F.3d 1386 (9th Cir. 1994)....................................................................................... 6

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ...................................................................................................... 18

*Zambrano v. City of Tustin*,
  885 F.2d 1473 (9th Cir. 1989)...................................................................................... 9

**Statutes**

Cal. Civ. Proc. Code § 338(d) ...................................................................................... 14

**Other Authorities**

Fed. R. Civ. P. 11(b)...................................................................................................... 6

Fed. R. Civ. P. 11(b)(1) ........................................................................................ 10

Fed. R. Civ. P. 11(b)(1)–(3) ..................................................................................... 6

Fed. R. Civ. P. 11(b)(3) ........................................................................................ 10

Fed. R. Civ. P. 11(c)(1) ........................................................................................ 18

Fed. R. Civ. P. 11(c)(4) ........................................................................................ 18

Local Rule 11-9 ............................................................................................... 9, 19

Local Rule 83-7 ............................................................................................... 9, 18

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Through this motion, Defendants Blinds to Go (U.S.) Inc. and Blinds to Go Inc. (collectively "BTG") seek sanctions pursuant to Federal Rule of Civil Procedure 11 and Local Rules 11-9 and 83-7, and excess costs, expenses, and attorneys' fees under 28 U.S.C. § 1927 against Plaintiff David W. Blachley. Plaintiff has made several filings that were not well-grounded in law or in fact and were filed for an improper purpose, and he has unnecessarily and unreasonably multiplied the proceedings.

## II.    FACTS.

Defendants Blinds to Go (U.S.) Inc. ("BTG US") and Blinds to Go Inc. ("BTG Canada") (collectively "BTG") incorporate their prior recitation of facts from their opposition to Plaintiff's motion to amend (ECF Nos. 78 at 2-5) and their opposition to Plaintiff's motion for a preliminary injunction (ECF No. 79 at 2-8).

### A.    The Licensing Agreement.

As noted in previous filings, Mr. Blachley, BTG US, and BTG Canada are parties to a Licensing Agreement ("Agreement") effective November 20, 2015 whereby Mr. Blachley granted BTG an exclusive license to use the Intellectual Property, including certain patents and know-how, in connection with the manufacture, distribution, and sale of shutter products in the "Territory," which is defined in the Agreement as Canada, Connecticut, Delaware, Maryland, Massachusetts, New York, New Jersey, Pennsylvania, Rhode Island, New Hampshire, Virginia and Washington DC. (ECF No. 33-2 ¶¶ 4-6 & ECF No. 33-3 §§1(b), 1(e), and 2(b).) The Agreement provides that: "The parties hereby submit to the exclusive jurisdiction of the courts in the Province of Quebec and any federal court therein." (ECF No. 33-3 § 7(k).)

B.    __The Canadian Proceeding.__

The parties are litigating their disputes over the Agreement in Canada. BTG brought an action against Mr. Blachley in November 2019 in the Quebec Superior Court, District of Montreal, asserting breach of the Agreement and requesting damages. (ECF No. 78-1, Declaration of Stephen Shiller, dated January 28, 2025, at ¶ 21.) This action was consolidated with an action filed in the Superior Court of Quebec asserting that Mr. Blachley wrongly obtained $75,000 in additional funds from BTG by subterfuge. (*Id.*) The consolidated actions are pending in the Quebec Superior Court. (*Id.* ¶ 22.)  The trial in the matter has concluded and the parties are waiting for the Court's written decision. (Smalley Decl. ¶ 7.)

C.    __The Proceedings Before the U.S. Patent and Trademark Office.__

On October 15, 2020, Mr. Blachley commenced an action to cancel U.S. Trademark Registration No. 6,142,468 for the mark MORVIEW owned by BTG US. (ECF No. 33-11, Declaration of Howard A. Kroll, dated July 5, 2024, Exhibit A [ECF No. 33-12].) In the Amended Petition filed on July 26, 2021, Mr. Blachley alleged that he "is actively engaged in the interior window coverings services and manufacturing of window coverings under the mark MORVIEW and MOORE VIEW. . . ." (ECF No. 33-13 at ¶ 3.) Blachley claimed priority over BTG US's existing registration for the mark MORVIEW, alleging prior use of the MORVIEW mark in commerce "at least as early as May 2010" and "prior to the date of [BTG US's] claimed date of first use of May 31, 2020. . . ." (*Id.* ¶ 14.) He also alleged that he "has and continues to invest significant time, money, and effort, to promote the reputation of the marks MORVIEW as widely as possible and to identify the mark MORVIEW as the source of the Goods and Services." (*Id.* ¶ 8.)

The Trademark Trial and Appeal Board ("Board") granted BTG US's November 16, 2022 motion to compel, requiring him to, *inter alia*, serve amended interrogatory responses and produce documents showing annual unit and dollar value sales figures for the goods and services under which the mark was allegedly used

("window coverings" and "interior window coverings services") for each year since the first use of the mark for those goods and services; and (2) provide such information showing annual unit and dollar value advertising and promotional figures related to those goods and services. (ECF No. 33-16, Feb. 16, 2023 TTAB Decision, at 5-6.)

Mr. Blachley refused to comply with the Board's order. BTG US moved for sanctions, which were granted by the Board. It again ordered Mr. Blachley to produce documents and interrogatory answers showing annual sales figures and annual advertising expenditures. (ECF No. 33-17, Oct. 2, 2024 TTAB Decision, at 4-6.) After Mr. Blachley failed to provide this information (ECF No. 33-18, Registrant's Motion for Further Sanctions, at 1-2), BTG US moved for further sanctions on November 13, 2023. (*Id.*) Mr. Blachley did not file a response. (ECF No. 33-12, TTAB Docket.) The Board granted the motion as conceded, and dismissed the cancellation proceeding. (ECF No. 33-19.)

### D.    The Patents at Issue.

The patents licensed under the Agreement were listed on a Security Agreement filed December 3, 2015 with the United States Patent and Trademark Office. (ECF No. 79-2, Slifkin Decl. Exhibit A at 1.) Those patents, U.S. Pat. Nos. 8,522,478, 8,091,281, 7,987,565, 7,536,766, 7,055,231, 6,854,211, and 6,622,433 (*id.* at Schedule of Patent and Patent Applications), are expired either because their term has lapsed or Plaintiff failed to pay required maintenance fees. (*Id.* ¶¶ 5-11.)

### E.    Procedural History.

In his February 27, 2024 Complaint, Plaintiff asserted claims for breach of the Agreement, trademark infringement, and patent infringement. ECF No. 1 (Counts III, IV, and VIII). Plaintiff added a claim for fraud (count XIII) in his Second Amended Complaint filed on June 2, 2024, and accepted by the Court on June 13, 2024. *See* ECF Nos. 20, 23, and 27. BTG moved to dismiss the Second Amended Complaint. On October 10, 2024, this Court dismissed most of Plaintiff's claims based on lack of personal jurisdiction/improper venue, and dismissed his claims for breach of contract

3

and breach of the implied covenant of good faith and fair dealing based on the forum selection clause in the parties' Agreement. *See* ECF No. 57 at 10, 13-14. The Court also dismissed his conspiracy claim for failure to plead sufficient facts to state a claim, leaving only his fraud claim remaining. *Id*. at 14. The Court granted Plaintiff limited permission to "file an amended complaint to address the deficiencies identified in this Order as to his conspiracy claim," but expressly prohibited him from asserting "any claims the Court has dismissed in this Order for lack of jurisdiction or improper venue." *Id*.

After obtaining multiple extensions (see ECF Nos. 58, 60, 62), Plaintiff lodged a Third Amended Complaint after the December 16, 2024 deadline. *See* ECF No. 65. The Complaint exceeded the limited scope of the Court's prior order: reasserting previously dismissed causes of action, adding several new causes of action, and naming two new individual defendants. *See id*. Mr. Blachley's lodged Third Amended Complaint included eleven causes of action. *Id*. On December 18, 2024, Plaintiff filed a Motion for Leave to File Amended Complaint as required by the Court. ECF No. 66.

After the Court denied Mr. Blachley's Motion on December 30, 2024 without prejudice to refiling (ECF No. 68), Mr. Blachley re-filed his Motion on January 4, 2025. ECF No. 69. The proposed Third Amended Complaint, filed at ECF No. 69-1, asserts sixteen causes of action, including claims previously dismissed for lack of personal jurisdiction/improper venue. BTG opposed the motion to amend on the grounds that it violated the Court's previous order and is futile. (ECF No. 78.)

Plaintiff then filed a motion for a preliminary injunction on January 26, 2025 (ECF No. 77). He sought to: (1) preclude Defendants from making, using, selling, or offering to sell in the United States products allegedly infringing Plaintiff's intellectual property rights; (2) compel Defendants to pay "all unpaid royalties on sales of the MorView Shutter product line from the date of the agreement to the present, covering the past seven years," and (3) enforce "the $1 million investment

promised by Stephen Shiller and BTG." *See* ECF No. 77 at 1.[1] He also sought unspecified relief so that he can participate in a trade show in April 2025. *Id.* at 8. BTG opposed the motion for a preliminary injunction on the grounds that Plaintiff had not shown a likelihood of success on the merits, nor irreparable harm. (ECF No. 79.)

On February 24, 2025, Plaintiff filed an application requesting a temporary restraining order: (1) prohibiting Defendants, their employees, and agents from interfering with Plaintiff's business relationships, including suppliers, partners, and trade show participants; (2) barring Defendants from contacting any representatives of Home Depot, trade show organizers, exhibitors, or suppliers regarding Plaintiff's product or business; (3) restraining Defendants from making misleading or defamatory statements about Plaintiff's product, patents, or business; (4) preventing Defendants from using legal proceedings in Canada or any other jurisdiction as a retaliatory tactic against Plaintiff's filings in this Court; and (5) ordering Defendants to show cause why a preliminary injunction should not be issued pending resolution of this case. (ECF No. 90 at 2.) The Court denied the application by order dated February 28, 2025. (ECF No. 94.)

The Court denied Plaintiff's motion for a preliminary injunction by order dated March 17, 2025 (ECF No. 104) and denied Plaintiff's motion for leave to file the Third Amended Complaint by a separate order also dated March 17, 2025 (ECF No. 105). Plaintiff moved for reconsideration of the Court's order denying his motion for leave to file the Third Amended Complaint (ECF No. 110) and for reconsideration of the Court's order denying his motion for a preliminary injunction (ECF No. 109).

---

[1] Plaintiff filed several documents under ECF No. 77 and references to the page number will be to the pages of the entire PDF document (31 pages).

### III.    ARGUMENT

#### A.    <u>Rule 11 Standard.</u>

By presenting a pleading to the Court, a party who is not represented by counsel certifies to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3).

*Pro se* litigants like David Blachley are subject to the Federal Rules of Civil Procedure, including Rule 11. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam); *Ustian v. Ustian*, Case No. 2:22-CV-08845 SPG-MAA, 2023 WL 5667864, at *6 (C.D. Cal. May 17, 2023) (applying Rule 11 sanction analysis to unrepresented party).

Rule 11 sanctions are appropriate where an unrepresented party files a complaint or motion that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); Fed. R. Civ. P. 11(b). Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (internal quotation marks and citation omitted). "Rule 11(b)(2) requires even pro se litigants to conduct a reasonable inquiry into the legal and factual underpinnings of their claims." *Bhambra v. True*, No. C 09-4685 CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if [the party not represented by counsel] has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). *Accord*, *Dobson v. U.S. Bank Tr., N.A*, No. 2:20-cv-09687-RGK-AFM, 2021 WL 1235248, at *1 (C.D. Cal. Feb. 19, 2021). Under Rule 11, sanctions are appropriate if a party's complaint is either legally frivolous or factually misleading (including affirmative misrepresentations or the omission of critical information). *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) ("Under Rule 11, [f]rivolous filings are those that are both baseless and made without a reasonable and competent inquiry [and] Rule 11 sanctions may be appropriate not just where a party affirmatively misleads the Court, but where she omit[s] critical information.") (internal quotation marks and citation omitted). This is true even if other portions of the pleading do not violate Rule 11. "[P]artially frivolous pleadings are subject to Rule 11 sanctions where the pleadings involve allegations or claims." *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991) (internal quotation marks and citation omitted). The same standard applies to motions. *Kaffaga v. Steinbeck*, No. CV 14-008699 TJH (FFMx), 2017 WL 11631527, at *2 (C.D. Cal. Mar. 24, 2017) ("because the motion for reconsideration was both baseless and made without a reasonable and competent inquiry — and, therefore, frivolous — sanctions must be imposed on its signatories.").

Rule 11 is applied vigorously to "curb widely acknowledged abuse from the filing of frivolous pleadings." *In re Grantham Bros.*, 922 F.2d at 1441 (citation omitted). Rule 11 sanctions are designed to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531,

1537 (9th Cir. 1986)).

**B.**    **Section 1927 Standard.**

28 U.S.C. § 1927 addresses liability for excessive costs and provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The Ninth Circuit has found that § 1927 sanctions may be awarded against *pro se* litigants. *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). Section 1927 sanctions are within the Court's discretion. *Id.* at 1235.

Sanctions imposed under § 1927 require "a finding of recklessness *or* bad faith." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (citing *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998)). The Ninth Circuit has held that that bad faith exists when a party "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). *See also Kashwere USAJPN LLC v. Costco Wholesale Corp.*, No. CV 13-06940 BRO (MANx), 2015 WL 14094866, at *3 (C.D. Cal. Feb. 26, 2015). Thus, sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Management Co. Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996). A plaintiff who continues to pursue already adjudicated claims may be sanctioned for "unreasonably and vexatiously" multiplying the proceedings. *See Towa v. Harl,* No. CV 11-10791 AHM (JCx), 2012 WL 13418882, at *3 (C.D. Cal. Feb. 29, 2012).

**C.**    **Sanctions Under Local Rules 11-9 and 83-7 and the Court's Inherent Power.**

Local Rule 11-9 gives courts the discretion to sanction parties for presenting frivolous motions. The rule provides that "[t]he presentation to the Court of frivolous

8

motions or opposition to motions (or the failure to comply fully with this rule) subjects

the offender at the discretion of the Court to the sanctions of [Local Rule] 83-7." *See*

L. R. 11-9. Local Rule 83-7 authorizes the following:

> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly
> negligent, or reckless;
>
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court
> finds that the conduct rises to the level of bad faith and/or a willful disobedience
> of a court order; and/or
>
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions
> as the Court may deem appropriate under the circumstances.

L.R. 83-7. *Disney Enterprises, Inc. v. VidAngel Inc.*, No. CV 16-04109-AB (PLAx),

2017 WL 6819882, at *2 (C.D. Cal. Oct. 5, 2017). If a district court exercises its

discretion to impose sanctions, the court must state its reasons for doing so, "including

the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218

F.3d 1078, 1081 (9th Cir. 2000). The Court may also sanction a party under its

inherent powers. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-79 (9th Cir.

1989) (a district court's power to sanction is derived from a court's inherent power

"to maintain order and preserve the dignity of the court" and from "the legislative

grant of authority to promulgate rules.") (emphasis omitted). "[I]f a court finds that

the parties' conduct rises to a level of bad faith, it may impose sanctions under Local

Rules 11-9 and 83-7 and its inherent power." *One Unnamed Deputy Dist. Att'y v.

Ctny. of L.A.,* No. CV 09-7931 JCG, 2013 WL 12140938, at *2 (C.D. Cal. Apr. 24,

2013) (citing *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)); *see also Disney

Enterprises,* 2017 WL 6819882, at *3.

### D.    <u>Plaintiff Has Violated Rule 11 and His Conduct Otherwise Warrants Sanctions.</u>

There is no question that Plaintiff's motion to file a Third Amended Complaint

and his motion for a preliminary injunction contain contentions that lack evidentiary

support and are unlikely to have such support after further discovery. Fed. R. Civ. P. 11(b)(3). Further, many of the claims and contentions in Plaintiff's motions and proposed Third Amended Complaint are unwarranted by existing law and are unwarranted by a nonfrivolous argument to modify or reverse existing law. Fed. R. Civ. P. 11(b)(2). And, because Plaintiff's motions and proposed Third Amended Complaint are factually and legally frivolous, they are necessarily intended for an improper purpose: to harass BTG and its executives and to interfere with the Canadian litigation. Fed. R. Civ. P. 11(b)(1). Likewise, Plaintiff's multiple meritless filings unreasonably and vexatiously multiplied the proceedings in this case, causing BTG to incur excess costs, expenses, and attorneys' fees in responding to his submissions. Further, Plaintiff's submissions were in bad faith and designed to interfere with, or to pressure BTG to drop the Canadian litigation.

> 1. *The Motion to Amend the Complaint Asserts Claims Contrary to the Court's Order.*

The Court's Order expressly prohibited Mr. Blachley from reasserting "any claims the Court has dismissed in this Order for lack of jurisdiction or improper venue." ECF 57 at 14. Contrary to the Court's order, Mr. Blachley's Motion for Leave to File Amended Complaint (ECF No. 69) sought permission to file a Third Amended Complaint (ECF No. 69-1) that asserts sixteen causes of action, including claims previously dismissed for lack of personal jurisdiction/improper venue.

The Court's order dismissed Plaintiff's claims for unfair competition based on trademark infringement under federal and California law based on lack of personal jurisdiction/improper venue. (ECF No. 57 at 13.) The proposed Complaint includes counts for Federal Unfair Competition with Respect to the MORVIEW Mark (Count VIII), and Statutory Unfair Cometition with Respect to the MORVIEW Mark (Count IX). The Court's order also dismissed Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing under *forum non conveniens* based on the forum selection clause in the Agreement (ECF No. 57 at 10).

Adding these claims to the Proposed Third Amended Complaint thus also violates the Court's order.[2] Plaintiff's motion for leave to file a complaint containing claims already dismissed by the Court was frivolous because it contravened the express terms of the Court's order. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (affirming award of § 1927 sanctions against *pro se* litigant, noting that "[b]y attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, ... [the plaintiff] evidenced bad faith in multiplying the proceedings in this case 'unreasonably and vexatiously'"); *Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, No. ED CV-10-01858 VAP(DTBx), 2011 WL 13135642, at *2 (C.D. Cal. Dec. 14, 2011) ("Notwithstanding the Court's ruling on the First Motion, Defendants filed the Second Motion asserting the same argument. . . ."). The Court recognized the impropriety of asserting these claims in its March 17, 2025 order denying leave to amend. (ECF No. 105 at 4.)

## 2. *The Statutory Claims Are Without Factual or Legal Basis.*

Plaintiff's claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL") is based on the assertion that "Defendants executed a decades-long marketing strategy targeting California consumers" promising to test and commercialize the shutter product, but intentionally withheld the product from the market and/or steered consumers towards higher cost blinds (ECF No. 69-1 ¶¶ 216-19). Plaintiff's proposed Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., claim ("CLRA") asserts that Defendants directed Ventana to make

---

[2] The count for Declaratory Relief (Count IV) seeks a declaration from the Court finding that the Agreement is "void and unenforceable" based on an alleged violation of the implied covenant of good faith and fair dealing (ECF No. 69-1, at ¶¶ 167-69). This claim simply repackages the breach of the implied covenant of good faith and fair dealing claim already dismissed by the Court, and thus reasserting this claim was prohibited by the Court's Order.

"unauthorized" changes to the shutter design (*id.* ¶ 226), that the changes undermined the functionality and reputation of the patented design (*id.* ¶ 227), that the designs were marked with the incorrect patent numbers (*id.* ¶ 228), and that the unauthorized design changes violated the terms of the Agreement (*id.* ¶ 229), all of which mislead consumers (*id.* ¶ 230).

For the reasons outlined in BTG's opposition to the motion to amend (ECF No. 78 at 12-15), Plaintiff's claims were meritless because they are time-barred on their face and Plaintiff lacks standing to bring such claims, which the Court found in its motion denying leave to amend (ECF No. 105 at 4). Further, Plaintiff failed to allege any facts that tend to demonstrate that BTG steered customers towards higher cost blinds, intentionally withheld any product from the market, marked the shutter designs with the incorrect patent numbers or that any changes in the design misled consumers. Plaintiff's conclusory statements, made without evidentiary support, are sanctionable. "Rule 11 sanctions are appropriate if the allegations and other factual contentions entirely lack evidentiary support." *Stiglich v. Contra Costa County Bd. of Supervisors*, 106 F.3d 409, at *8 (9th Cir. 1997). A claim is factually baseless if it lacks foundation. *ICU Med., Inc.*, 2007 WL 6137003, at *3 (citing *Estate of Blue*, 120 F.3d at 985). A claim is not well-grounded in fact if an independent examination does not reveal "some credible evidence" in support of a party's statements. *See Bus. Sols., LLC v. Ganatra*, No. SA CV 18-1426-DOC(KESx), 2019 WL 4138008, at *3 (C.D. Cal. May 22, 2019). Here, in addition to lacking a legal basis, Plaintiff's claims lack any credible factual basis and thus are frivolous.

### 3. *The Claims Against The Individuals Are Time-Barred and Interposed for An Improper Purpose.*

Plaintiff's proposed Third Amended Complaint asserts claims against Stephen Shiller, BTG's President, and Nkere Udofia, Chairman of BTG (ECF No. 69-1). Plaintiff has vexatiously multiplied his claims and attempted to drag the individual defendants in the case in an attempt to derail the then-impending trial in Canada. The

12

Third Amended Complaint generally refers to "Defendants" and asserts each of the sixteen causes of action "Against all Defendants" (*see, e.g.,* ECF No. 69-1 at page 35 of 355). With respect to many of the Complaint's factual allegations, again, the term "Defendants" is used without specifying which defendant. Thus, these claims are impermissibly vague and without support. *See, e.g., Deckers Outdoor Corp. v. Bright Trading Corp.,* No. LA CV 14-00198 JAK (JEMx), 2014 WL 12564124, at *5 (C.D. Cal. Apr. 28, 2014) (Plaintiff "must present an amended complaint that contains specific, factual allegations that support the claims against each Individual Defendant."); *Gajo v. Chicago Brand*, No. 17-CV-00380-EMC, 2017 WL 2473142, at *5 (N.D. Cal. June 8, 2017) (to assert breach of contract, trademark infringement, and patent infringement claims, plaintiff "must include specific factual allegations establishing that there is a basis for individual liability (e.g., alter ego liability and/or direct participation).").

The only specific allegations against Mr. Shiller and Mr. Udofia seem to relate to the fraud claims. For example, the Third Amended Complaint accuses Mr. Shiller of conspiring with an individual (Earl Takefman) to force Plaintiff to execute the Agreement so that BTG could obtain Plaintiff's intellectual property and technology. (ECF 69-1, ¶¶ 31-32.) Plaintiff alleges that Mr. Takefman filed a "fraudulent lawsuit" in Florida and lodged "false criminal allegations" with the Los Angeles District Attorney to force him "to relinquish his assets." (*Id.* ¶ 33.) Plaintiff also accuses Mr. Shiller of "love bombing" Plaintiff (*id.* ¶ 38), exploiting him emotionally (*id.* ¶¶ 42-43, 48), and falsely promising a partnership (*id.* ¶¶ 42, 44, 49-51) to induce Plaintiff to sign the Agreement, and thereby gain control over his patents and technology (*id.* ¶ 36). Plaintiff alleges that Mr. Nkere was involved in the negotiation of the Agreement and insisted on retaining "predatory terms." (*Id.* ¶¶ 107-09.)

These claims are time-barred on their face. The Third Amended Complaint lacks any allegations detailing when Plaintiff discovered these alleged frauds and other bad acts, but is replete with allegations demonstrating Plaintiff had discovered

or was at least put on notice of his claims far prior to the running of the applicable statutes of limitation. *See* Cal. Civ. Proc. Code § 338(d) (three year statute of limitation for fraud). Plaintiff had actual and/or constructive notice of the Agreement's terms and to the extent that Plaintiff alleges that any pre-agreement statements made by BTG, Mr. Shiller and/or Mr. Nkere were false, he would have known that as soon as he signed the Agreement. *Eisenberg v. Citibank, N.A.,* No. 2:13-cv-01814-CAS (JPRx), 2016 WL 6495347, at *6 (C.D. Cal. Oct. 31, 2016), *aff'd sub nom, Eisenberg v. Citibank, NA as Tr. for Am. Home Mortg. Assets Tr. 2006-4 Mortg. Backed Pass-Through Certificates Series 2006-4*, 787 F. App'x 929 (9th Cir. 2019). As detailed in BTG's opposition to the motion to amend (ECF No. 78 at 10-11), Plaintiff's fraud claims were time-barred because he knew the facts underlying those claims at the latest in November 2019. Indeed, Plaintiff recently submitted the November 2019 declaration he submitted in Canada to this Court (ECF No. 89 [Exhibit 3 pages 39-55]), wherein he asserts that Mr. Shiller used Mr. Takefman and his lawsuit as leverage to force him enter into the Agreement (*Id.* at 42-44 ¶¶ 16-30) and played the role of the "good guy," giving Plaintiff multiple assurances before entering into the Agreement. (*Id.* at 43 ¶ 20.)

Plaintiff clearly asserted these claims against Mr. Shiller and Mr. Udofia to harass and attempt to gain leverage against them. Plaintiff repeatedly refused to grant extensions to oppose his motions and threatened claims of perjury and criminal prosecution to attempt to forestall the Canadian litigation. He asserted that a conflict existed between Mr. Shiller and Mr. Nkere, presumably to attempt to require Mr. Nkere to get new attorneys. (Smalley Decl. at ¶ 5.) Asserting frivolous claims against the individual defendants was clearly in bad faith and for an improper purpose, warranting sanctions under Rule 11, section 1927, or the Local Rules.

4. *Plaintiff's Motion for a Preliminary Injunction Lacked a Legal and Factual Basis.*

Plaintiff sought a preliminary injunction nearly year after he filed the Complaint (ECF No. 77). The relief sought was based on claims that were no longer pending in the Second Amended Complaint and that the Court had prohibited him from reasserting in a Third Amended Complaint, including patent and trademark infringement. *See* ECF No. 57 at 14. He also sought relief under and relating to the Agreement, when those claims, governed by a forum selection clause, were dismissed by the Court under forum *non conveniens*. *Id*. at 10. Further, Plaintiff attempted to assert patents that were expired (ECF No. 88, Slifkin Decl. Exhibit A and ¶¶ 5-11) and made no attempt to demonstrate that any BTG product read on any claim of the asserted patents.[3] *See Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1372 (Fed. Cir. 2002) ("A party that knowingly asserts an expired, and therefore unenforceable, patent results in a clear case of bad faith.").

Further, Plaintiff's application sought to prohibit the use of the MORVIEW mark based on his alleged priority of use (ECF No. 77 at 6, 9, 22), an issue that was determined against him by dismissal of his proceeding in the TTAB, where he sought to cancel BTG's registration based on priority of use.[4] *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) ("To the extent a party before the TTAB litigates an issue that also arises in infringement proceedings before a federal district court, issue preclusion would bar relitigation.") (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015)); *Diesel S.p.A. v.*

---

[3] Plaintiff simply asked the Court to compare the language of the claims to the [unidentified] infringing devices, without providing any analysis. (ECF No. 77 at 21.)

[4] Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020).

1   *Diesel Power Gear, LLC,* No. 1:19-cv-9308-MKV, 2022 WL 956223, at *4 (S.D.N.Y.

2   Mar. 30, 2022) (noting that with respect to a default judgment in the TTAB, "the prior

3   TTAB adjudication between Plaintiff Diesel S.p.A. and Defendant involved the same

4   cause of action that is at issue here," and applying claim preclusion). In any event,

5   Plaintiff provided no evidence of priority of use on his motion, and thus his

6   contentions on the motion lacked "evidentiary support" and violated Rule 11,

7   warranting sanctions.

8              5.    *Plaintiff's Ex Parte Motion Was Frivolous, and Vexatiously*

9                    *Multiplied The Proceedings.*

10          Plaintiff's *ex parte* application for a temporary restraining order (ECF No. 90)

11  lacked factual or legal support, and was simply another motion filed by Plaintiff to

12  harass BTG. Plaintiff sought relief based on causes of action that were not the subject

13  of the current pleading—the Second Amended Complaint. After the Court's October

14  10, 2024 Order, the only remaining claim was fraud. (ECF No. 93 at 10-11.) Further,

15  Plaintiff's delay in filing this application until February 24, 2025 undermined his

16  claim of imminent, irreparable harm. *See, e.g., Miller for and on Behalf of N.L.R.B.*

17  *v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 543-44 (9th Cir. 1993), *on reh'g*, 19 F.3d 449

18  (9th Cir. 1994), *abrogation on other grounds noted by Small v. Operative Plasterers'*

19  *& Cement Masons' Int'l Ass'n Loc. 200, AFL-CIO,* 611 F.3d 483 (9th Cir. 2010)

20  (finding an eight-month delay to imply a lack of urgency); *Essence Imaging Inc. v.*

21  *Icing Images LLC*, No. 2:13-cv-5449-CAS(PLAx), 2014 WL 1384028, at *3 (C.D.

22  Cal. Apr. 9, 2014) ("Additionally, plaintiff filed the present motion on February 28,

23  2014, approximately seven months after commencing this action. This delay

24  'necessarily suggest[s] that a lack of urgency exists,' and therefore tends to negate

25  plaintiff's assertion of irreparable harm.")

26          Finally, Plaintiff's application was unsupported by any evidence. He asserted,

27  for example, that "Defendants have engaged in a concerted effort to obstruct

28  Plaintiff's market entry through legal and business interferences, including contacting

16

Plaintiff's suppliers. . . ." (ECF No. 90 at 3). He also claimed to have secured a commitment from an unnamed Home Depot supplier and that there is an imminent threat of interference (*id.*). Plaintiff failed to cite any evidence in support of these contentions and thus this application also violated Rule 11.

6.    *Plaintiff's Motions for Reconsideration Were Frivolous, and Vexatiously Multiplied The Proceedings.*

Plaintiff's motions for reconsideration are frivolous. Plaintiff moved for reconsideration of the Court's order denying his motion for leave to file an amended complaint despite consenting at oral argument to filing an amended complaint limited to repleading his conspiracy claim. As noted by the Court, "At the March 11, 2025 hearing, Plaintiff represented to the Court that he did not intend to assert new causes of action in the Proposed TAC and would delete any new claims from the Proposed TAC if given leave to amend." (ECF No. 105 at 4.) And, although he argues that the Court erred because its finding that his proposed amendments would be time-barred "improperly relied on extrinsic materials" (ECF 110, Memorandum at 2), he failed to identify the extrinsic evidence he alleges was improperly relied upon by the Court. The Court did not in fact rely on extrinsic evidence in its order denying leave to amend—it referenced allegations from the proposed Third Amended Complaint itself in finding that Plaintiff's proposed claims are time-barred (see ECF No. 105 at 5 n.3.) Thus, the motion for reconsideration is without a factual or legal basis.

Plaintiff's motion for reconsideration of the Court's order denying his motion for a preliminary injunction asserts that the Court improperly found his fraud claim barred by the statute of limitations (ECF No. 109, Memorandum at 2). The Court's ruling on the fraud claim contained in the Second Amended Complaint (ECF No. 57 at 12) is not dispositive of the issues raised by Plaintiff's preliminary injunction motion. In evaluating a motion for a preliminary injunction, the Court is permitted to consider the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the motion. *See Republic of the Philippines v. Marcos*,

17

862 F.2d 1355, 1363 (9th Cir. 1988). Defendants were thus entitled to go beyond the pleadings and challenge the merits of Plaintiff's claim of fraud to enforce a purported promise of a $1 million investment (ECF No. 79 at 13). In challenging the timeliness of the claim based on an unfulfilled promise, Defendants referenced the date of the Agreement's execution to show that Plaintiff knew or should have known of the alleged fraud by the time he signed the Agreement (ECF No. 78 at 10). The Court was entitled to evaluate the merits of this claim as it did in its ruling. (ECF No. 104 at 3.)

Further, a preliminary injunction may be awarded only "upon a clear showing" of evidence that supports each relevant preliminary injunction factor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "This 'clear showing' requires factual support beyond the allegations of the complaint…." *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 870 (C.D. Cal. 2021) (citation omitted). Plaintiff provided no evidence supporting his allegations of fraud, nor did he provide evidence supporting the other relevant elements of the preliminary injunction analysis. Thus, there is no factual or legal basis for the motion for reconsideration.

## E.   Issuing Monetary Sanctions Is Appropriate.

If a party files a pleading or motion in violation of Rule 11, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Appropriate sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Significantly, Rule 11 also permits a court to dismiss a complaint in its entirety as a sanction. *See, e.g., Rhinehart v. Stauffer*, 638 F.2d 1169, 1170-71 (9th Cir. 1979) (per curiam). Local Rule 83-7 also allows for monetary sanctions, including the imposition of costs and attorneys' fees.

Additionally, a party may obtain sanctions through the court's inherent power. "[F]ederal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 4-5 (1973).

18

Attorneys' fees are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). Imposition of sanctions under the court's inherent power serves a dual purpose: first, to vindicate judicial authority, and second, to make the prevailing party whole for expenses caused by its opponent's obstinacy. *Id.* at 46.

Here, understanding that Plaintiff is *pro se*, BTG requests an award of sanctions in the amount of $5,000 for its reasonable attorneys' fees, as set forth in the declaration of Laura W. Smalley. Such amount is actually far less than the actual amounts reasonably spent addressing the violations. If the Court is not inclined to issue such monetary sanctions, to prevent Plaintiff's on-going frivolous conduct, BTG respectfully requests a nominal monetary sanction (e.g., $5.00), and an order finding that Plaintiff's filings were frivolous, that his conduct violated Rule 11 and Local Rule 11-9, an admonishment to Plaintiff to cease such frivolous filings in the future, and/or to require Plaintiff to have Court permission to make future filings.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and Local Rules 11-9 and 83-7, along with such other and further relief the Court deems just and proper.

DATED:  April 28, 2025

Tucker Ellis LLP


By:  /s/Helena M. Guye
     Helena M. Guye
     helena.guye@tuckerellis.com
     Attorneys for Defendants
     BLINDS TO GO (U.S.) INC. and
     BLINDS TO GO INC.

     HARRIS BEACH MURTHA CULLINA PLLC
     Neal L. Slifkin (*pro hac vice*)
     NSlifkin@HarrisBeachMurtha.com
     Laura W. Smalley (*pro hac vice*)
     LSmalley@HarrisBeachMurtha.com
     99 Garnsey Road
     Pittsford, NY 14534
     Telephone:    (585) 419-8800
     Facsimile:    (585) 419-8813

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for BLINDS TO GO (U.S.) INC. and BLINDS TO GO INC., certifies that this brief contains 6,082 words, which complies with the word limit of L.R. 11-6.1.


Dated: April 28, 2025

     */s/*Helena M. Guye
     Helena M. Guye