UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



**DAVID BLACHLEY**,

Plaintiff,

v.

**BLINDS TO GO INC., et al.**,

Defendants.

Case No.: 2:24-cv-01632-CBM

Assigned to: Hon. Consuelo B. Marshall

---

# EMERGENCY SUPPLEMENTAL MOTION FOR IMMEDIATE INVESTIGATION AND ENFORCEMENT RELIEF BASED ON CHILD SAFETY EVIDENCE, FRAUD, AND PATENT SUPPRESSION

TO THE HONORABLE COURT:

Plaintiff, **David Blachley**, appearing pro se, respectfully submits this **Emergency Supplemental Filing** to the Court pursuant to **Rule 15(d)** and the Court's **inherent equity powers**, requesting:

1. Immediate investigation into known child safety risks caused by over 200,000 recalled blinds that Defendants failed to replace as promised.
2. Emergency reinstatement of Plaintiff's control over the MorView / CRT shutter product category to serve as a public safety solution.
3. An order compelling Defendants to submit a sworn declaration within **72 hours** certifying whether any reports of child injury, death, or strangulation have been received since the 2015 agreement.

---

## I. URGENCY: CHILD ENDANGERMENT AND FRAUDULENT COURT MANIPULATION

Evidence and sworn testimony confirm that Defendants:

- **Failed to commercialize** the MorView shutter innovation, as agreed.
- **Substituted toxic Chinese PVC** in place of Plaintiff's certified CARB materials, in violation of Section 2(d) of the contract.
- **Falsely obtained a 2019 Québec injunction** by misrepresenting that shutters were being sold and were "mission critical."
- Allowed **patent maintenance fees to lapse** without notice to Plaintiff, while simultaneously claiming ownership to block re-filing.
- Filed deceptive documentation with the **U.S. Patent & Trademark Office**, including assigning the "IDEAL SHUTTER" brand while secretly blocking Plaintiff from launching the certified product.
- Engaged in **trademark hijacking**, **forgery (Ex. 101)**, and litigation-based coercion to suppress U.S.-made safety innovations.

---

## II. UNLOCKING SMOKING GUN EVIDENCE

During trial in Québec Superior Court, Exhibit **U-11** remained locked for over a year. Plaintiff repeatedly attempted to open the file. It was only after the **Hon. Justice Granosik personally intervened** and questioned BTG's counsel that the file was finally unlocked—**revealing explosive evidence** of sabotage authorized by **Nkere Udofia** in March 2016. That sabotage disabled the shutter's energy efficiency and room darkening capabilities.

Further, **Mayte Jennings** testified she had received warnings from Plaintiff that altering the shutter would destroy its performance. BTG ignored those warnings, proceeded with sabotage, and then publicly mocked Plaintiff's concerns, stating: *"Maybe someone forgot to close the louvers."*

## III. SYSTEMIC ABUSE AND UNJUST ENRICHMENT

Exhibit **99** shows BTG partner **Earl Takefman** admitted he filed a lawsuit "only to force Plaintiff to sign" the 2015 agreement. Other exhibits demonstrate:

- **Ex. 173** – Extortionate threats to subpoena Plaintiff's customers.
- **Ex. 195** – False trademark filings to block launch.
- **Ex. 101/106** – Forgery of sales agreements to file fraudulent lawsuits.

Nkere Udofia's denial of knowledge—despite authoring sabotage instructions—proves **bad faith**, **fraud**, and **public deception**. BTG's own witness, **Stephen Shiller**, testified the company sold fewer than 1% of the shutter product, never offered it in stores or online, and knowingly substituted cheap PVC imports, even though the product was falsely labeled as "Made in USA."

## IV. PRAYER FOR RELIEF

In light of the above, Plaintiff respectfully requests that this Court:

1. Order **an emergency declaration** from BTG within **72 hours**, confirming whether it has received any reports of child injury or death related to the 200,000 units sold since 2015.
2. Order **immediate release** of the shutter IP back to Plaintiff for public benefit, to reinstate innovation that addresses critical **child strangulation risks**.
3. Approve an **interim wage award** sufficient to fund re-filing of canceled patents, which were allowed to lapse under BTG's control.
4. Refer this matter to the **CPSC**, **FTC**, and **DOJ** for further investigation of **consumer fraud**, **IP suppression**, and **public endangerment**.

Respectfully submitted,

/s/ David Blachley

**David Blachley**

Plaintiff, Pro Se

6333 E. Vermont St.

Long Beach, CA 90803

949-350-6577

June 27, 2025

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DAVID BLACHLEY**,

Plaintiff,

v.

**BLINDS TO GO INC., et al.**,

Defendants.

Case No.: 2:24-cv-01632-CBM

---

I, **David Blachley**, declare under penalty of perjury under the laws of the United States that the following is true and correct:

On **June 27, 2025**, I served a true and correct copy of the following documents:

- Emergency Supplemental Motion for Immediate Investigation and Enforcement Relief Based on Child Safety Evidence, Fraud, and Patent Suppression
- This Proof of Service

These documents were served via email and first-class U.S. Mail to the following:

**Laura W. Smalley, Esq.**

Harris Beach Murtha

99 Garnsey Road

Pittsford, NY 14534

Email: **lsmalley@harrisbeachmurtha.com**

Executed this 27th day of June, 2025, in Los Angeles County, California.

**/s/ David Blachley**

**Respectfully submitted,**

**David Blachley**

Plaintiff, Pro Se

6333 E. Vermont St.

Long Beach, CA 90803

949-350-6577