**UNITED STATES DISTRICT COURT**

FILED
CLERK, U.S. DISTRICT COURT
7/1/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  RYO  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:24-cv-01632-CBM-E

Hon. Consuelo B. Marshall – Courtroom 8B

# EX PARTE APPLICATION FOR EMERGENCY WAGE ENFORCEMENT, INJUNCTIVE RELIEF, AND APPOINTMENT OF A SPECIAL MASTER

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiff David W. Blachley, appearing pro se, respectfully applies ex parte for the following relief:

1. Immediate wage payment of $100,000 as interim compensation for unpaid labor;

2. An injunction halting the sale, advertisement, or licensing of shutter products until such payment is made; and

3. Appointment of a Special Master to conduct a financial audit of shutter-related revenues derived from Plaintiff's inventions.

## I. EX PARTE JUSTIFICATION – LOCAL RULE 7-19

This application is made ex parte due to the ongoing, irreparable harm resulting from ten years of uncompensated labor, economic coercion, and Defendants' continued commercial benefit from Plaintiff's shutter technology.

In compliance with Local Rule 7-19.1, Plaintiff provided notice to Defendants' counsel as follows:

- On June 27, 2025, Plaintiff emailed attorneys Laura Smalley, Neal Slifkin, and Helena Guye, advising of this ex parte filing and requesting discussion.
- A follow-up was sent on June 30, 2025.
- As of this filing, no response or effort to resolve the wage dispute has been received.

A Declaration of David Blachley, containing this notice history and supporting facts, is submitted concurrently.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. California Labor Code Requires Immediate Wage Payment

- Labor Code §§ 200–204, 203 mandate full and immediate payment of earned wages.
- Labor Code § 203 imposes penalties for willful non-payment.
- Labor Code § 1194 entitles Plaintiff to wages, interest, and legal fees.
- Labor Code § 558 allows restitution and civil penalties.
- Civil Code § 1572 provides equitable remedies for fraudulently induced labor.

### B. Defendants Violated the Federal Fair Labor Standards Act (FLSA)

- 29 U.S.C. § 206: Minimum wage required for all labor.
- § 216(b): Plaintiff entitled to unpaid wages and liquidated damages.
- § 217: Authorizes courts to issue injunctive relief for wage violations.
- Wirtz v. Milton J. Wershow Co., 416 F.2d 1071 (9th Cir. 1969) supports emergency relief where wages are unlawfully withheld.

### C. Injunctive and Equitable Relief Are Necessary

- Defendants have profited from Plaintiff's shutter product while denying all compensation.
- Plaintiff is suffering ongoing financial and reputational harm.
- Further delay risks asset dissipation and deepening economic injury.

## III. FACTUAL SUMMARY (See Declaration of David W. Blachley)

- Plaintiff performed ten years of labor, including engineering, commercialization, vendor management, and IP development for Defendants' shutter product.
- No wages, reimbursements, or compensation have been paid.
- BTG's shutter product is derived directly from Plaintiff's patented CRT design.
- Despite benefiting commercially, Defendants have failed to honor any wage or profit-sharing obligations.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Order Defendants to pay $100,000 in immediate interim wages within five (5) days of this Order;

2. Enjoin Defendants from further sale, marketing, or licensing of the shutter product until full payment is made;

3. Appoint a Special Master to audit shutter-related revenues and determine the full amount owed to Plaintiff;

4. Refer this matter to the California Labor Commissioner and U.S. Department of Labor for further investigation of wage suppression and unpaid labor.

---

Respectfully submitted,

Dated: July 1, 2025

/s/ David W. Blachley

David W. Blachley

Pro Se Plaintiff

david@durashutter.com

# Declaration of David W. Blachley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:24-cv-01632-CBM-E

**DECLARATION OF DAVID W. BLACHLEY IN SUPPORT OF EX PARTE APPLICATION FOR EMERGENCY WAGE ENFORCEMENT**

I, David W. Blachley, declare under penalty of perjury as follows:

1. I am the Plaintiff in this action and make this declaration in support of my Ex Parte Application for Emergency Wage Enforcement, Injunctive Relief, and Appointment of a Special Master.

2. From approximately 2015 through 2025, I performed full-time work on behalf of Defendants Blinds To Go (U.S.) Inc., Blinds To Go Inc., and their executives, including engineering, supply chain management, commercialization, product development, retailer coordination, and field testing of the shutter system that I invented.

3. Defendants repeatedly represented that I would be compensated through wages, profit shares from royalties.. These assurances were made verbally

and in writing, including during 2015–2016 negotiations and the parties' signed agreement involving my intellectual property.

4. Despite fulfilling my responsibilities—including halting my own competing sales, relocating operations, traveling for joint development meetings, and leading product refinement—Defendants never paid me any wages or compensation.

5. During this time, Defendants launched the shutter product I developed, used it in sales presentations, marketing campaigns, and product rollouts, while denying my involvement or compensation.

6. Defendants also used court processes to block my ability to commercialize the shutter system independently, leaving me without access to income from either side. This economic suppression has caused me significant personal hardship and harm to my business reputation.

7. On June 27, 2025, I emailed Defendants' attorneys—Laura Smalley, Neal Slifkin, and Helena Guye—notifying them that I would be filing this Ex Parte Application. I asked whether they would oppose or confer regarding resolution of my wage claim. I received no response. I sent a second notice on June 30, 2025. As of today, I have received no reply.

8. I am seeking $100,000 as an interim payment representing only a portion of the wages I earned between 2015 and 2025. This amount is based on

    conservative monthly estimates for full-time executive engineering and commercialization work.

9. I respectfully request that the Court grant this emergency relief due to the immediate and irreparable economic harm I am suffering, and to prevent Defendants from continuing to benefit from my unpaid labor.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of July, 2025, in Southern California.

Respectfully submitted,

/s/ David W. Blachley

David W. Blachley

Pro Se Plaintiff

david@durashutter.com

# Certificate of Service

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:24-cv-01632-CBM-E

**CERTIFICATE OF SERVICE**

I, David W. Blachley, hereby certify that on July 1, 2025, I served the following documents:

- Ex Parte Application for Emergency Wage Enforcement, Injunctive Relief, and Appointment of a Special Master
- Declaration of David W. Blachley
- Proposed Order

on all counsel of record via email, as follows:

- Laura W. Smalley – lsmalley@harrisbeachmurtha.com
- Neal L. Slifkin – nslifkin@harrisbeachmurtha.com
- Helena M. Guye – helena.guye@tuckerellis.com

A copy was also sent to myself at david@durashutter.com.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of July, 2025, in Southern California.

Respectfully submitted,

/s/ David W. Blachley

David W. BlachleyvPro Se Plaintiff

david@durashutter.com