1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DAVID W. BLACHLEY,

      Plaintiff,

v.

BLINDS TO GO (U.S.) INC.;
BLINDS TO GO INC.,

      Defendants.

Case No.:  2:24-CV-1632-CBM-E

**ORDER RE: PLAINTIFF'S
MOTIONS FOR
RECONSIDERATION [109, 110]**

17         The matter before the Court is pro se Plaintiff David Blachley's Motion for

18    Reconsideration of Order Denying Motion for Leave to File Amended Complaint,

19    and Plaintiff's Motion for Reconsideration of Order Denying Motion for

20    Preliminary Injunction.  (Dkt. Nos. 109, 110.)

21                  **I.      BACKGROUND**

22         On June 13, 2024, Plaintiff filed the Second Amended Complaint ("SAC"),

23    the operative complaint, naming Blinds To Go (U.S.) Inc. and Blinds to Go Inc. as

24    defendants, and asserting thirteen causes of action:  (1) review of a January 2,

25    2024 decision by the United States Trademark Trial and Appeal Board ("TTAB")

26    dismissing Plaintiff's petition to cancel Defendants' registered MORVIEW

27    trademark; (2) declaratory judgment canceling trademark registration No.

28    6142468 for Defendants' MORVIEW trademark under 28 U.S.C. § 2201; (3)

patent infringement; (4) common law trademark infringement; (5) unfair competition regarding a trademark under 15 U.S.C. § 1125; (6) unfair competition regarding trademark under Cal. Bus. & Prof. Code § 17200; (7) common law trade dress infringement; (8) breach of contract; (9) breach of implied covenant of good faith and fair dealing; (10) trademark counterfeiting under 15 U.S.C. § 1114; (11) unfair competition regarding trade dress under 15 U.S.C. § 1125; (12) unfair competition regarding trade dress under Cal. Bus. & Prof. Code § 17200; (13) fraud and misrepresentation; and (14) civil conspiracy.  (Dkt. No. 27.)  On October 10, 2024, the Court granted in part and denied in part Defendant's Motion to Dismiss the SAC as follows:

1. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) was granted as to Plaintiff's claims against Defendants for trademark cancellation, common law trademark infringement, unfair competition based on trademark infringement under federal and California law, trademark counterfeiting, trade dress infringement, patent infringement, and review of the TTAB decision (first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action) for lack of personal jurisdiction;

2. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) was granted as to Plaintiff's claims against Defendant BTG US for trademark cancellation, common law trademark infringement, unfair competition based on trademark infringement under federal and California law, trademark counterfeiting, trade dress infringement, patent infringement, and review of the TTAB decision (first, second, third, fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth causes of action) based on improper venue;

3. Defendants' Motion to Dismiss Plaintiff's fraud and conspiracy claims (thirteenth and fourteenth causes of action) as time-barred pursuant to Fed. R. Civ. P. 12(b)(6) was denied;

4. Defendants' Motion to Dismiss Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims was granted based on *forum nonconveniens* without prejudice to refiling in the proper forum;

5. Defendants' Motion to Dismiss Plaintiff's conspiracy claim (fourteenth causes of action) for failure to plead sufficient facts to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) was granted with leave to amend; and

6. Defendants' Motion to transfer to the district of New Jersey pursuant to 28 U.S.C. § 1406(a) was denied.

(Dkt. No. 57 (the "Motion to Dismiss Order").)    Therefore, the only claim which survived Defendant's Motion to Dismiss the SAC was Plaintiff's fraud claim (thirteenth cause of action), and the only claim which the Court dismissed with leave to amend was Plaintiff's conspiracy claim (fourteenth cause of action).

Instead of filing an amended complaint, Plaintiff filed a motion for leave to file a Third Amended Complaint (Dkt. No. 69), which added Stephen Shiller and Nkere Udofia as named defendants and asserted sixteen causes of action: (1) fraud and misrepresentation; (2) fraud – concealment, Cal. Civ. Code § 1572; (3) constructive fraud; (4) declaratory relief; (5) civil conspiracy; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; (8) "Federal Unfair Competition with Respect to the MORVIEW Mark," 15 U.S.C. § 1125; (9) "Statutory Unfair Competition with Respect to the MORVIEW Mark," Cal. Bus. & Prof. Code § 17200; (10) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (11) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; (12) misappropriation of trade secrets under the Federal Defend Trade Secrets Act; (13) breach of California Uniform Trade Secret Act; (14) intentional interference with contractual relations; (15) intentional interference with prospective economic advantage; and (16) conversion. (Dkt. No. 69-1 (the "Proposed TAC").)

At the March 11, 2025 hearing on Plaintiff's Motion for Leave to File the Proposed TAC, Plaintiff represented to the Court and Defendants that he did not intend to assert new causes of action in the Proposed TAC and would delete any new claims from the Proposed TAC if given leave to amend.  On March 17, 2025, the Court issued an order denying Plaintiff's Motion for Leave to file the Proposed Third Amended Complaint attached to his Motion.  (Dkt. No. 105 ("Leave to Amend Order").)  The Leave to Amend Order further stated:

To the extent Plaintiff seeks to file an amended complaint to reassert

his fraud and misrepresentation claim and allege additional facts for a conspiracy claim, Plaintiff shall file the amended complaint no later than April 14, 2025. Said amended complaint shall not include any new causes of action, new defendants, or causes of action previously dismissed by the Court. The failure to file an amended complaint by that date shall result in dismissal of Plaintiff's conspiracy claim with prejudice.

(*Id.*)  Instead of filing an amended complaint, Plaintiff seeks reconsideration of the Motion to Amend Order.

On January 26, 2025, Plaintiff filed a motion for preliminary injunction. (Dkt. No. 76.)  On March 17, 2025, the Court denied Plaintiff's motion for preliminary injunction on the ground the Court could not grant preliminary injunctive relief based on claims that had been dismissed, Plaintiff failed to demonstrate a likelihood of success on the merits of his fraud claim because the claim appeared to be time-barred based on the allegations in the SAC, Plaintiff failed to show irreparable harm based on a delay of over seven months before seeking a preliminary injunction, and the balance of hardships and public interest did not weigh in favor of a preliminary injunction.  (Dkt. No. 104 "Preliminary Injunction Order").)  Plaintiff also seeks reconsideration of the Preliminary Injunction Order.

## II.    STATEMENT OF THE LAW

Plaintiff moves for reconsideration under Fed. R. Civ. P. 59(e), which provides:  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  However, because no judgment has been entered in this case, Rule 59(e) is inapplicable.

Plaintiff also moves for reconsideration under Fed. R. Civ. P. 60(b), which provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Local Rule 7-18 also provides:

A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.[1]

## III.    DISCUSSION

### A.    Leave to Amend Order

Plaintiff's Proposed TAC asserted new claims for violation of California's False Advertising Law ("FAL") under Cal. Bus. & Prof. Code §§ 17500 et seq.; violation of California's Consumers Legal Remedies Act ("CLRA") under Cal. Civ. Code §§ 1750 et seq.; misappropriation of trade secrets under the Federal Defend Trade Secrets Act; breach of California Uniform Trade Secret Act; intentional interference with contractual relations; intentional interference with prospective economic advantage; conversion; fraud – concealment under Cal. Civ. Code § 1572; and constructive fraud, which were not included in the SAC.  The Court's Motion to Dismiss Order gave Plaintiff leave to amend only as to his conspiracy claim, and stated "[a]ny amended complaint shall not assert any new claims without leave of Court."  As noted in the Leave to Amend Order, Plaintiff

---

[1] While Plaintiff does not reference Local Rule 7-18 in his notice, Plaintiff references Local Rule 7-18 in the body of his Motions for Reconsideration.

represented to the Court and Defendants at the March 11, 2025 hearing that he did not intend to assert new causes of action in the Proposed TAC and would delete any new claims from the Proposed TAC if given leave to amend.  (Leave to Amend Order at 4.)  Moreover, the Court found leave to amend to assert the new claims included in the Proposed TAC would be futile because the conversion, FAL, CLRA, intentional interference with contractual relations, intentional interference with prospective economic advantage, trade secrets, fraudulent concealment and constructive fraud claims would be time-barred under the applicable statute of limitations.  Therefore, the Court denied leave to amend to assert the new claims in the Proposed TAC.  (*Id*. at 4-5.)

Plaintiff now seeks reconsideration of the Court's Leave to Amend Order denying leave to assert new claims on the ground a finding that those new claims are time-barred under the applicable statute of limitations "constitutes clear legal error" because it contradicts the Court's Motion to Dismiss Order wherein the Court denied Defendants' Motion to Dismiss Plaintiff's fraud claim in the SAC as time-barred because the statute of limitations defense did not appear on the face of the pleadings.[2]  However, Plaintiff does not address the fact that he represented to the Court and Defendants at the hearing on his Motion for Leave to File the TAC that he did not intend to assert new causes of action in the TAC and that any new claims in a TAC would be deleted.  Thus, the Court's Leave to Amend Order which denied leave to assert the new causes of action was consistent with Plaintiff's representation to the Court at the hearing that he did not intend to assert new causes of action in the TAC.[3]  *See Christian Sci. Reading Room Jointly*

---

[2] Plaintiff does not address any of the categories for relief under Fed. R. Civ. P. 60(b) (i.e., mistake, newly discovered evidence, fraud) and only argues that the Court's Leave to Amend Order "constitutes a clear legal error."

[3] Plaintiff is proceeding pro se in this action.  If someone else is advising Plaintiff or drafting Plaintiff's briefs and pleadings, or Plaintiff is utilizing AI, the Court notes there are inconsistencies between Plaintiff's briefing and pleadings and Plaintiff's representations to the Court.

*Maintained v. City & Cnty. of San Francisco*, 784 F.2d 1010, 1017 (9th Cir. 1986).

Moreover, the new causes of action in the Proposed TAC are not the same claims nor based on the same factual allegations as the fraud claim in the SAC. Therefore, the Court's prior ruling on Defendants' Motion to Dismiss Plaintiff's fraud claim in the SAC does not apply to the new causes of action in Plaintiff's Proposed TAC. Furthermore, the Court denied the Motion to Dismiss the fraud claim in the SAC because Defendants relied solely on a declaration in arguing that Plaintiff's fraud claim in the SAC was time-barred, but the Court could not consider evidence in ruling on a Rule 12(b)(6) motion to dismiss. (*See* Motion to Dismiss Order at 11 ("Defendants, relying on a declaration from their President, move to dismiss Plaintiff's fraud and conspiracy claims as time-barred under the applicable statute of limitations. However, the Court cannot consider evidence in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and "a statute of limitations bar must appear on the face of the pleadings.") (citing *Mediran v. Int'l Ass'n of Machinists & Aerospace Workers*, 425 F. App'x 550, 551 (9th Cir. 2011); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).)

In contrast, in the Leave to Amend Order, the Court found leave to amend to assert the new causes of action in the Proposed TAC would be futile because each of the claims would be time-barred under the applicable statute of limitations. In making this finding, the Court relied on the allegations in the Proposed TAC and Plaintiff's own pleadings in the Canadian litigation between the parties—not evidence. (*See* Leave to Amend Order at 4-5 & n.5.)[4] The Court may take judicial notice of the records in other cases in determining the statute of

---

[4] Defendants attached copies of Plaintiff's filings in the Canadian litigation in opposition to Plaintiff's motion for leave to amend. (Dkt. No. 78.) Plaintiff also requested that the Court take judicial notice of filings by Plaintiff in the Canadian litigation. (Dkt. No. 98.)

limitations defense.[5]  *See Kwon Yi v. BMW of N. Am., LLC*, 805 F. App'x 459, 462 n.2 (9th Cir. 2020); *Dietz v. GEICO Gen. Ins. Co.*, 722 F. App'x 694, 695 (9th Cir. 2018); *Flanagan v. Fed. Sav. & Loan Ins. Corp.*, 81 F.3d 168 (9th Cir. 1996).[6]

Therefore, Plaintiff fails to demonstrate the Court committed clear error in denying leave to ament to assert the new causes of action in the Proposed TAC nor set forth any other basis warranting reconsideration of the Leave to Amend Order.

**B.    Preliminary Injunction Order**

Plaintiff also moves for reconsideration of the Preliminary Injunction Order on the ground the Court's denial of Plaintiff's motion for preliminary injunction on the basis Plaintiff's fraud claim is time-barred "directly contradicts the Court's own ruling" in its Motion to Dismiss Order.

As discussed above, in denying Defendants' Motion to Dismiss the fraud claim in the SAC as time-barred, the Court found it could not dismiss the fraud claim as time-barred because Defendants solely relied on a declaration in arguing Plaintiff's fraud claim was time-barred and the Court could not consider evidence in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Motion to Dismiss Order at 11.)  However, while the Court cannot consider evidence when

---

[5] Plaintiff acknowledges in his reply that "[t]o establish a statute of limitations defense at this stage defendants much show, based on the pleadings and judicially noticeable material, that there can be no factual dispute that the claims are time barred."  (Dkt. No. 115, Reply at 2.)

[6] The Court also found "leave to amend to assert the constructive fraud claim would be futile because the Proposed TAC fails to allege Defendants entered into the licensing agreement knowingly for the primary benefit of Plaintiff or any other facts to impose a fiduciary duty on Defendants."  (Leave to Amend Order at 4-5, n.2 (citing *Portney v. CIBA Vision Corp.*, 2008 WL 5505517, at *4 (C.D. Cal. July 17, 2008); *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386-91 (2008)).)  The Court also denied leave to amend to assert a new CLRA claim on the ground "Plaintiff would lack standing to assert a claim under the CLRA because the Proposed TAC does not allege Plaintiff is a consumer who was misled by Defendants into purchasing Defendants' products."  (Leave to Amend Order at 4 n.1 (citing Cal. Civ. Code §§ 1770(a), 1761(d), 1761(e)).)  However, Plaintiff does not argue that the Court erred in denying leave to amend on these bases.  The only basis for Plaintiff's motion for reconsideration of the Court's Leave to Amend Order is the Court's finding that the claims would be time-barred.

ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court may consider evidence—including inadmissible evidence—in ruling on a motion for preliminary injunction. *Compare Hernandez v. City of Phoenix*, 43 F.4th 966, 979 (9th Cir. 2022), with *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).[7]  Moreover, the Court did not base its finding in the Preliminary Injunction Order that "Plaintiff's fraud claim appears to be time-barred based on the applicable three-year statute of limitations" based on consideration of evidence.  (Preliminary Injunction Order at 3.)   Rather, the Court found Plaintiff failed to demonstrate a likelihood of success on the merits because the fraud claim appeared to be time-barred based on the allegations in the operative complaint. (*See id.* (citing SAC ¶¶ 33-35, 47-48, 185-86).)  This finding in the Preliminary Injunction Order is not inconsistent with the Motion to Dismiss Order wherein the Court found it could not consider evidence on a Fed. R. Civ. P. 12(b)(6) motion to dismiss and therefore could not dismiss Plaintiff's fraud claim in the SAC because Defendants based their statute of limitations argument on a declaration.  In contrast, in opposing Plaintiff's motion for a preliminary injunction, Defendants raised the statute of limitations defense to Plaintiff's fraud claim based on the allegations in the SAC.

Plaintiff also argues he was "unable to address the statute of limitations issue because Defendants filed their opposition . . . immediately before the hearing" and "[a]s a result, Plaintiff did not have an opportunity to prepare a response to this argument."  However, Plaintiff filed a reply in response to

---

[7] *See also Maxlite, Inc. v. ATG Elecs., Inc.*, 2020 WL 6260007, at *2 (C.D. Cal. July 13, 2020); *BYD Co. Ltd v. Khazai*, 2020 WL 3893310, at *1 n.3 (C.D. Cal. July 10, 2020); *Tavake v. Chase Bank*, 2012 WL 117146, at *2 (E.D. Cal. Jan. 13, 2012); *Vendiola v. Quality Loan Serv. Corp.*, 2014 WL 12469944, at *1 (C.D. Cal. Jan. 17, 2014); *Fidelity Nat. Title Ins. Co. v. Castle*, 2011 WL 5882878, at *3 (N.D. Cal. 2011); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 3157455, at *2 (S.D. Cal. Aug. 5, 2008).

1   Defendants' opposition to his motion for preliminary injunction. (Dkt. No. 81.)

2   Therefore, Plaintiff's motion for preliminary injunction was fully briefed prior to

3   being heard on March 11, 2025.  Accordingly, Plaintiff had the opportunity to and

4   did file a response to Defendants' opposition to the motion for preliminary

5   injunction.

6       As to the other factors regarding irreparable harm, balance of equities and

7   the public interest, Plaintiff does not contend the Court erred in its findings that

8   these factors weighed against issuance of a preliminary injunction.  Instead,

9   Plaintiff reargues those factors weigh in favor of a preliminary injunction, which

10  is an improper basis for reconsideration.  (*See* L.R. 7-18 ("No motion for

11  reconsideration may in any manner repeat any oral or written argument made in

12  support of, or in opposition to, the original motion.").)

13              **IV.    CONCLUSION**

14      Accordingly, the Court (1) **DENIES** Plaintiff's Motion for Reconsideration

15  of the Motion to Amend Order; and (2) **DENIES** Plaintiff's Motion for

16  Reconsideration of the Preliminary Injunction Order.

17

18      **IT IS SO ORDERED.**

19

20  DATED:  August 21, 2025.

21                          CONSUELO B. MARSHALL
                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28